### LOVELESS v. SOUTHERN GROCER CO., Limited, et al.

(Circuit Court of Appeals, Fifth Circuit. March 10, 1908.)

No. 1,701.

1. BANKRUPTCY—TRUSTEE—ACCOUNTS—HEARING.

   Where, after one qualified as receiver of a corporation in an action in a state court and received and disbursed money, bankruptcy proceedings were brought against the corporation, and he qualified as trustee and filed his accounts in the state court to close the receivership, it was improper in the bankruptcy proceeding to summarily order him as trustee to pay into the registry all moneys received by him as receiver in the state court, since he is entitled to an opportunity to present his accounts to a court and have his claim for credits for payments as receiver passed on.

2. SAME—ACTION IN STATE COURT—EFFECT OF SUBSEQUENT BANKRUPTCY PROCEEDINGS.

   Though bankruptcy proceedings brought against a corporation in the hands of a state court receiver suspended further administration of the corporation's estate in the state court, it remained for that court to transfer the assets, settle the receiver's accounts, and close its connection with the matter, and any errors committed in so doing could be rectified in due course and in the designated way.

Petition to Superintend and Revise Proceedings in the District Court of the United States for the Western District of Louisiana.

Frank P. Stubbs, Jr., and Geo. Wesley Smith, for petitioner.

John M. Mulholland, for respondents.

Before McCORMICK and SHELBY, Circuit Judges, and BURNS, District Judge.

SHELBY, Circuit Judge. On March 27, 1905, John F. Loveless, the petitioner herein, was appointed receiver of the Hemler-Thomason Company, Limited, a commercial corporation, by the district court of the parish of Richland, La. He qualified as such receiver and gave bond, with surety, in the sum of $5,000. He took possession of the assets of the corporation, sold the merchandise under the order of the state court, and made collections of claims, and from these and other sources he received about $2,100. He paid out as receiver about $700 in court costs, keeper's fees, taxes, attorney's fees, and receiver's commissions. On July 23, 1905, after the receiver had made these payments, creditors of the Hemler-Thomason Company, Limited, filed in the bankruptcy court below an involuntary petition in bankruptcy against the corporation, and it was duly adjudicated a bankrupt on August 26, 1905. On October 10, 1905, Loveless, who was receiver in the state court, was elected trustee in the bankruptcy court, and duly qualified as such trustee on October 17, 1905. For the purpose of closing his receivership in the state court, Loveless filed his accounts in that court on January 25, 1906. Objections to the account were made by the Southern Grocer Company, Limited, and other creditors of the bankrupt. The opposition was tried, and was under submission, when on April 26, 1907, the Southern Grocer Company, Limited, and other creditors of the bankrupt, filed a petition in the court below praying for a rule on Loveless, as trustee, requiring him to pay into the registry of the bankruptcy court all moneys received by him as receiver in the state court. The prayer of this petition was granted by the referee in bankruptcy, and, on petition for review, was affirmed by the bankruptcy court. The record shows, without dispute, that the trustee, as such, had paid out in costs and dividends about $1,300 under orders of the bankruptcy court. The summary order requiring him to make payment into the bankruptcy court raises a controversy as to $660.34. This sum, or most of it, petitioner claims that he paid out legally and properly while he was acting as receiver in the state court, and his contention is that he should not be required to pay the money again, and, at least, that he should not be required by a summary proceeding to pay the money into the bankruptcy court without a hearing, either in that court or in the bankruptcy court, on the question as to whether or not he is entitled to credits for the payments made by him as receiver. The question as to the correctness of these disbursements has not been passed on by the state court, nor by the court below, and, of course, is not before this court for decision.

We are asked to review and vacate or correct the summary order of the court below requiring the payment of the sum in dispute into court before the petitioner has had a hearing on the correctness of his accounts and the legality of the contested disbursement.

If the order to pay the money into court stands, the summary proceeding against the trustee can be made the basis of proceedings for contempt if he fails to obey the order. It seems to us just and right

that he should have an opportunity to present his accounts to a court and to have his claim for credits for payments made by him while receiver in the state court passed on. He should not be required to pay the money into court by a summary proceeding that deprives him of the right to a hearing on the disputed items of his account.

It is true that the bankruptcy proceedings operated to suspend the further administration of the insolvent corporation's estate in the state court; "but it remained for the state court to transfer the assets, settle the accounts of its receiver, and close its connection with the matter. Errors, if any, committed in so doing, could be rectified in due course and in the designated way." In re Watts and Sachs, 190 U. S. 1, 35, 23 Sup. Ct. 718, 47 L. Ed. 933.

The petition for revision is granted, the decree of the court of bankruptcy is reversed, and the cause remanded for further proceedings consistent with the opinion of this court.

The costs of the proceedings in the court below and in this court will be taxed against the respondents, who moved for the rule in the lower court.

And it is so ordered.