FIRST NATIONAL BANK OF QUINCY, *Appellant*, v. A. R. ZANGWILL, *et al., Appellees.*

1.  The mere fact that a creditor had begun proceedings to sub-ject the property of a married woman to claims against her and that a receiver had taken possession of the property, does not exempt the property from the bankrupt law or give such creditors a lien or preference. Such preferences are not al-lowed by the bankrupt laws.

2.  Where a bankruptcy court can make disposition of property in the custody of an equity court in so far as it is subject to the debts of the bankrupt, and the property is subject to other claims, a court of equity may direct its receiver to de-liver to the trustee in bankruptcy the property of the bank-rupt taken under proceedings instituted three days before the adjudication in bankruptcy.

This case was decided by Division A.

Appealed from the Circuit Court for Gadsden County.

The facts in the case are stated in the opinion of the court.

*W. H. Ellis,* for Appellant;

*R. H. Buford* and *Y. L. Watson,* for Appellees.

WHITFIELD, C. J.—On September 24th, 1909, the First National Bank of Quincy, Florida, filed a bill in equity to subject the separate property of A. R. Zangwill, a mar-ried woman, to the payment of money due upon an agree-ment made by her in writing for the benefit of her separate property, and for the appointment of a receiver of the property pending the litigation. A receiver was appointed. A demurrer to the bill of complaint as amended was over-

VOL. 61, JANUARY TERM, 1911. 597

First Nat. Bank of Quincy v. Zangwell *et al.*—Opinion of Court.

ruled and no plea or answer being filed. a decree pro confesso was rendered by the court.

A petition was filed in the cause by N. B. Jordan, in which it is alleged that A. R. Zangwill had been on September 27th, 1909, duly adjudged a bankrupt, and that the petitioner had been appointed and qualified trustee for the said bankrupt. The petitioner prayed that the proceeds of the sale of the property in the possession of the receiver be delivered to the trustee in bankruptcy. The complainant bank demurred to the petition on the ground that it does not show the petitioner to be entitled to the relief prayed. The court overruled the demurrer to the petition and ordered the receiver to deliver the money received from sales of the property, less expenses, to the trustee in bankruptcy. From this decree, the complainant bank appealed and contends that as the complainant had begun proceedings to subject the property to the payment of money due to it, as authorized by the constitution, and that as the petitioner does not show that there were any other creditors of the married woman whose claims could be enforced against her separate property, the order directing the receiver to deliver money to the trustee without reserving enough for the bank's claim is erroneous. Bringing this suit does not entitle the complainant to a preference that is not provided for by law.

The exhibits filed with and made a part of the petition of the trustee in bankruptcy show the debts of the bankrupt to be for merchandise purchased and for money borrowed by the bankrupt, including money borrowed from the complainant bank. As the separate property of a married woman may under the constitution be subjected in equity to the payment of the purchase money therefor or for money due upon any agreement made by her in writing for the benefit of her separate property, the in-

debtedness for merchandise purchase and for money borrowed may be of such a nature that her separate property is liable therefor in equity. Halle v. Einstein, 34 Fla., 589, 16 South. Rep., 554. The mere fact that the complainant bank had begun proceedings in equity to enforce its claim and that a receiver of the court had taken possession of the property, do not exempt the property from the provisions of the bankrupt law, or give the bank a lien or preference. Such preferences are not allowed. Collier on Bankruptcy (7th ed.) 782 *et seq.;* section 67, Bankrupt Law of 1898. As the bankruptcy court can make disposition of the property in so far as it is subject to the debts of the bankrupt, and as the property may be shown to be subject to the debts indicated, there was no error in ordering the receiver to deliver the funds in hand to the trustee in bankruptcy. It has been held that a married woman in Florida may be adjudged a bankrupt. MacDonald v. Tefft-Weller Co., 128 Fed. Rep., 381.

The decree is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.