## ADJUDICATION IN BANKRUPTCY OF ONE WHOSE PROPERTY IS IN THE HANDS OF A RECEIVER APPOINTED BY A STATE COURT.

Common Pleas Court of Franklin County.

LEE WOLF & BROTHER v. THE UNION 5 & 10 CENT STORES COMPANY.

Decided, January Term, 1915.

*Transfer of an Insolvent Estate from the State to the Federal Court—Jurisdiction of the State Court to Confirm the Account of Its Receiver and Order Payment of Costs, Fees and Expenses.*

1. When the defendant to an action in the state court in which a receiver has been appointed is adjudged a bankrupt, but such adjudication is made after part or all of the property has been sold and converted into cash, the bankruptcy court has no right to require the trustee appointed by it to take charge of the proceeds of the property in the hands of the state receiver before he has accounted to the state court and his account is settled and approved.

2. The rule which has been adopted in the decisions of the courts is that where no fund is in the hands of the state receiver, at the date of the adjudication in bankruptcy, out of which compensation of the receiver and counsel and other expenses may be paid, such persons claiming the right to be paid out of the property must be remitted to the bankruptcy court for the adjudication and establishment of their respective claims.

*Morton, Irvine & Blanchard,* for plaintiff.

KINKEAD, J.

The first report and account of George B. Donavan as receiver of the defendant company is submitted for approval.

The receiver and his counsel also ask for allowances to be made for their services rendered in the administration of the trust.

Since the appointment of the receiver by this court in this case, proceedings in bankruptcy have been commenced, and the defendant company was declared a bankrupt on November 4th,

1914. The affairs of the company, therefore, pass into the jurisdiction of the federal court as of that date.

Conflict and annoyance between the two courts is constantly arising, much to the detriment of the administration of such trusts. Where there are preferences which may be invalidated under federal statutes in bankruptcy proceedings, then parties have substantial rights involved so that there is ample justification for transferring cases to the federal court. But it frequently happens that cases are taken to that court where there are no such questions, so that it makes no difference to the creditors as to which court administers the trust. When a receiver has been appointed by this court in a case where there are no preferences that may be invalidated in the federal court, there can be no reason for taking the case into the bankruptcy court unless it be for the purpose of having other persons administer the trust, and the personal benefit to be derived.

When such cases are taken to the bankruptcy court for such reasons or purposes, it does a positive and material injury to the trust and creditors, by adding double costs to the administration of the same.

The current opinion has been that from the date of the adjudication of bankruptcy the right of this court to make allowances to its receiver and counsel ceases, it being within the exclusive power of the federal court to do so. The result of such opinion is that there is often a rush into this court to have allowances made before the actual jurisdiction of the United States Court attaches.

Such a view is incorrect. There should be no alarm, no undue haste in presenting claims for compensation to this court.

A proper understanding of the relative functions of state and federal court in this matter ought to operate in a measure to correct the abuses in the administration of such trusts and the consequent injury to creditors.

When the defendant to an action in a state court in which a receiver has been appointed is adjudged a bankrupt, but such adjudication is made after part or all of the property has been

sold and converted into cash, the bankruptcy court has no right to require a trustee appointed by it to take charge of the proceeds of the property in the hands of the state receiver before he has accounted to the state court, and his account is settled and approved.

Indeed no receiver of this court should transfer any property or assets in his hands until the court appointing him makes an order authorizing him so to do.

And this court will require the trustee in bankruptcy to present his authority and credentials, that is, a certified copy of the adjudication of bankrupcy, and his letters of trusteeship, before it will make a transfer of funds or property to him. This, the court will not do until its receiver has filed his account, and the same has been approved. Nor will the court authorize or order its receiver to transfer property or pay over money into his hands, until it has made due and proper allowances to such receiver and his counsel, nor until all the costs and expenses of administration have been fully paid, if there is money on hand to pay the same.

The rule adopted by the decisions of the courts is that where no fund is in the hands of the state receiver, at the date of the adjudication in bankruptcy, out of which the compensation of receiver and counsel and other expenses may be paid, such persons claiming the right to be paid out of the property must be remitted to the bankruptcy court for the adjudication and establishment of their respective claims. *Hanson* v. *Stephens,* 119 Ga., 722.

"On adjudication in bankruptcy, and it is made to appear to the state court that the court of bankruptcy is entitled to administer the property in its custody, it remains for the state court to transfer the assets, settle the accounts of its receiver and close its connection with the matter. Fees and expenses of receivership may be allowed by a state court and paid from the funds in the possession of the receiver, obtained from the disposition of property by direction of a state court." *Loveland on Bankruptcy,* pp. 150, 151; *In re Watts and Sachs,* 190 U. S., —— 10 A. B. R., 113); *Loveland* v. *Southern Grocery Co.,* 159 Fed., 415 (20 A. B. R., 180); *Mauran* v *.Crown Carpet Lining Co.,* 23 R. I., 344 (6 A. B. R., 140).

The trustee is bankruptcy is vested "only with the title of the bankrupt as of the date he was adjudicated." Therefore when such title is in an officer of a state court, it is the custody and jurisdiction of such court, and is subject to all the liens for costs and expenses which no other court may rightfully assess and adjudge. Hence it is within the jurisdiction and power of such state court to allow the receiver's fees and expenses incurred before adjudication, and order the balance turned over to the trustee in bankruptcy on production of evidence of his legal right thereto. *Mauran* v. *Crown Carpet Lining Co.,* 23 R. I., 344 (6 A. B. R., 140); *Wilson* v. *Parr,* 115 Ga., 629.

The receiver during the period of conduct of the business received in cash $1,108.73, and disbursed $501.70, leaving a balance in his hands of the sum of $607.03. The receiver and counsel gave one month's time to the business. There are bills unpaid for rent, gas, electric light, insurance, clerk hire, bond fee amounting to $317.38. The court costs are $27.05.

The court therefore orders that an allowance be made to the receiver of $200 and to his counsel the sum of $200. It is ordered that out of the cash on hand the receiver pay the expenses incurred by him for rent, etc., the sum of $317.38, and the costs of this court amounting to $27.05.

It having been made to appear to the court by a certificate from the bankruptcy court that Hugh Dugan has been appointed trustee of the estate, it is ordered that the receiver turn over to him all the property, and the balance of any money in his hands.