HULL v. FIFTY-SECOND ST. STORAGE HOUSE, Inc., et al.

(Supreme Court, Appellate Division, Second Department.   March 26, 1915.)

1. BANKRUPTCY ⬅⮞296—ACTION BY TRUSTEE IN BANKRUPTCY—APPOINTMENT OF RECEIVER.

Where, in a suit by a trustee in bankruptcy to set aside conveyances by the bankrupt, the court appointed a receiver until the entry of judgment, and rendered judgment for the trustee, directing all persons in possession of the premises of the bankrupt to surrender and deliver the same to the trustee, the trustee should demand a surrender of the property by presenting a certified copy of the judgment and giving a receipt, but could not appropriate money without first communicating with the receiver, and the money so appropriated must be returned to the receiver, who must settle his accounts and comply with the judgment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 414; Dec. Dig. ⬅⮞296.]

2. BANKRUPTCY ⬅⮞296—SUIT TO SET ASIDE CONVEYANCES BY BANKRUPT—COURTS—JURISDICTION.

Under the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 544), as amended in 1903 (Act Feb. 5, 1903, c. 487, 32 Stat. 797) and 1910 (Act June 25, 1910, c. 412, 36 Stat. 838) the state and federal courts have concurrent jurisdiction of a suit by a trustee in bankruptcy to set aside a conveyance by the bankrupt.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 414; Dec. Dig. ⬅⮞296.]

Appeal from Special Term, Kings County.

Action by Lawrence Hull, as trustee in bankruptcy of Clarence E. Hopkins, a bankrupt, against the Fifty-Second Street Storage House, Incorporated, and others.   From an order directing the return by the trustee of money to the receiver, and declaring him still to be in possession of the property, with right to counsel fee, plaintiff appeals. Affirmed in part, and reversed in part.

See, also, 151 N. Y. Supp. 1122.

Argued before JENKS, P. J., and BURR, CARR, STAPLETON, and PUTNAM, JJ.

Winifred Sullivan, of New York City, for appellant.

Arnon L. Squiers, of New York City (Edward P. Lyon, of New York City, on the brief), for respondents.

PUTNAM, J.   Plaintiff is the trustee in bankruptcy of Clarence E. Hopkins, who was adjudged bankrupt in the District Court of the United States for the Eastern District of New York.   The bankrupt property consisted principally of this warehouse, with the storage business there carried on.   It was subject to a first mortgage of $15,000 to the Williamsburg Savings Bank, and had been further incumbered by conveyances and assignments executed by the bankrupt before his failure.   Plaintiff, as such trustee, came into this court, suing in equity to set aside these conveyances made by the bankrupt.   He applied for appointment of a receiver pendente lite.

This court at Special Term, on December 2, 1914, appointed a receiver "during the pendency of this action and until the entry of judg-

⬅⮞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ment herein," giving him power to continue the business, and to collect all accounts and moneys due or to become due in connection with this storage warehouse business. On December 4th the receiver qualified and took possession. The suit came on for trial in January, and resulted in a judgment in favor of plaintiff, in which the court set aside the transfers attacked, adjudging also that this warehouse building, with all the personal property used in connection with it and all accounts receivable, were the property of the bankrupt on the date of the trustee's appointment; also that plaintiff, as such trustee, is vested with the title and right of possession of the property; that the Fifty-Second Street Storage House, Incorporated, its officers, agents, and servants, "and all persons in possession of said premises or business or property, or any surplus income or profits of said business since July 25, 1914, surrender and deliver the same to the plaintiff, as trustee in bankruptcy of said Clarence E. Hopkins." This judgment of January 16, 1915, has not been appealed from.

On January 18th plaintiff's attorney visited the warehouse, and informed Mr. Mead, who had continued to act as manager under the receiver, that plaintiff had taken possession. A copy of the judgment was served with notice of such taking possession. On the 19th plaintiff's attorney took from Mr. Mead, apparently without notice or demand on the receiver, the cash on hand, $274.17, receipting therefor to Mr. Mead. On the same day the federal court made an order authorizing the plaintiff to continue the business under the defendant's trade name. On January 23d the receiver appears to have demanded from plaintiff's attorney the return of the cash so taken.

[1] A regrettable conflict has ensued between the two courts, each maintaining a present possession of this property of the bankrupt. In view, however, of the limits on the receiver's appointment, which was only pendente lite and until the entry of judgment, followed by the provision of such judgment directing all persons in possession of said premises to surrender and deliver the same to the plaintiff, the respective rights and duties were plain. Where a receiver has personal property, and a decree is made authorizing a party to have it, the Supreme Court of the United States has declared the orderly procedure. A demand should be made with a certified copy of the decree requiring the receiver to surrender the property upon giving a receipt to be filed, so as to show exact performance of the decree. Very v. Watkins, 23 How. 469, 16 L. Ed. 522. Here this money was appropriated under the general terms of the judgment, without first communicating with the receiver. This was irregular, and the Special Term rightly directed its return, which has since been done.

[2] But the bankruptcy statutes are the law for the state courts, and not alone for the federal courts, in so far as relates to the recovery of the property from adverse claimants. Indeed, under the original act of 1898 the trustee could bring such a suit as this only in the state courts, unless by defendant's consent. Now, by amendments of 1903 and 1910, the jurisdiction is concurrent. The state courts are called on to carry out the spirit of the beneficial purpose of the bankruptcy statutes. Yet the professional zeal of attorneys, with the unconscious straining by courts to hold their jurisdiction in close cases, have often

let them forget the due observance of comity between courts of concurrent powers. Under the bankruptcy statute of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517), though less by the present act, the separate state and federal systems have been often made the occasion of burdensome charges, duplicate fees, and wasteful delays. It is a reproach that courts should let the machinery devised to make a prompt and fair division of the wrecked estate work so badly and often fail of its purpose. The present situation is plain. The receiver should obey the judgment.

After plaintiff had taken possession of the warehouse property under the judgment, the receiver was not thereafter to resist the adjudged rights of the trustee in bankruptcy, since the receiver's custody and control had been ended by the judgment. The outlays and liabilities disclosed by the affidavits did not entitle the receiver to demand to retake the real estate and property from the plaintiff. His duty was to turn over possession, file his accounts, and not obstruct the administration of the bankrupt's estate, or, if he had substantial ground to take a precautionary attitude by reason of liabilities incurred in his trust, then he should have applied to modify the judgment. Had he expended a large sum, or involved himself in future liabilities, which the affidavits show is not the case here, this court might stand on its right to secure its officer beyond the cash in his hands before directing delivery of possession.

Order affirmed, so far as it requires the return of moneys taken from the receiver's custody, and directs the settlement in the Supreme Court of the receiver's accounts; otherwise, reversed, and the receiver's motion to continue his possession of the other property theretofore held by him as receiver denied, without costs. All concur.