age and for 15 feet of its depth, vested in the city of New York. The parcel taken was acquired in invitum for street purposes. The money awarded was less in amount than the sum secured by mortgages which were liens upon the entire plot described in the complaint. An appeal was taken from the order confirming the report of the commissioners of estimate appointed in the condemnation proceeding. That appeal remains undetermined. These facts existed when the plaintiff moved for an interlocutory judgment in the action for partition. The judgment entered directed the sale of the property described in the complaint, excepting the parcel acquired by the city. It contained a provision directing the referee to include the award in the sale. The judgment was entered without notice to the defendant Hirschman, notwithstanding his appearance in the action and his demand of service of notice of proceedings. Hirschman then moved to resettle the interlocutory judgment. His purpose was to have the direction for the sale of the award eliminated. The motion was denied. It is from the order denying the motion that this appeal is taken.

It is our opinion that the order should be reversed. The sale authorized by law is the sale of real property. Sections 1532–1546, Code of Civil Procedure; Underwood v. Curtis, 127 N. Y. 523, 543, 28 N. E. 585; Sandiford v. Town of Hempstead, 97 App. Div. 163, 172, 90 N. Y. Supp. 76. The award is personal property, into which the real property taken has been converted by operation of law. It represents the aggregate value of all the estates and interests in the real property acquired, and any person interested may obtain a judicial allotment of his proportionate share and recover the amount thereof. Title 4, c. 17, Greater New York Charter; In Matter of Opening Eleventh Avenue, 81 N. Y. 436, 443, 453; Matter of City of Rochester, 136 N. Y. 83, 32 N. E. 702, 19 L. R. A. 161; Gates v. De La Mare, 142 N. Y. 307, 312, 37 N. E. 121; Youngs v. Stoddard, 27 App. Div. 162, 50 N. Y. Supp. 475; Hill v. Wine, 35 App. Div. 520, 54 N. Y. Supp. 892; Farmers' L. & T. Co. v. Westchester County W. W. Co., 143 App. Div. 78, 127 N. Y. Supp. 569, affirmed 206 N. Y. 711, 99 N. E. 1107.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs. Settle order before STAPLETON, J. All concur, except CARR, J., not voting.

---

HULL v. FIFTY–SECOND ST. STORAGE HOUSE, Inc., et al.

(Supreme Court, Appellate Division, Second Department. May 28, 1915.)

1. BANKRUPTCY ⬥⮩469—ACTION BY TRUSTEE—RECEIVER—ACCOUNTING.

A proper accounting of the receipts and disbursements of a receiver of a state court, appointed at request of a trustee in bankruptcy, suing therein, to protect, pending the action, the property of bankrupt, conveyance of which the trustee seeks to have set aside, involves a fixation of his compensation, so far as such court can fix it; but it has no power to give it priority of payment by the bankruptcy court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 872; Dec. Dig. ⬥⮩469.]

---

⬥⮩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. BANKRUPTCY ⬅484—ACTION BY TRUSTEE—RECEIVER—COMPENSATION.

The right and measure of compensation of a receiver appointed by a state court at instance of, and to protect the property sued for by, a trustee in bankruptcy, is controlled by Code Civ. Proc. § 3320, providing that a receiver, except as otherwise specially prescribed by statute, is entitled, in addition to his necessary expenses, to commissions, not exceeding 5 per cent. on the sums received and disbursed by him; but if the commissions, so computed, shall not amount to $100, the court may allow for his commissions such a sum, not exceeding $100, as shall be commensurate with his services.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 895, 896; Dec. Dig. ⬅484.]

3. BANKRUPTCY ⬅482—ACTION BY TRUSTEE—RECEIVER—ALLOWANCE OF COUNSEL FEES.

Allowance of counsel fees may not be made to a receiver appointed by a state court at instance of a trustee in bankruptcy, suing therein, for the receiver's attempt to continue dominion over the assets after the ending of his powers and duties in regard thereto.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. ⬅482.]

Appeal from Special Term, Kings County.

Action by Lawrence Hull, trustee in bankruptcy, against the Fifty-Second Street Storage House, Incorporated, and others. From part of an order, relative to Wilfred Earl Youker, receiver, plaintiff appeals. Affirmed in part, and modified in part.

See, also, 152 N. Y. Supp. 1119.

Argued before. JENKS, P. J., and THOMAS, CARR, RICH, and PUTNAM, JJ.

Winifred Sullivan, of New York City, for appellant.

Arnon L. Squiers, of New York City, for respondent.

PER CURIAM. We have had so many phases of this controversy before us recently that we have become more than ordinarily familiar with it. That part of the order now before us on appeal, which directs a sale by the receiver of the assets of the bankrupt estate to satisfy his claim for compensation, must be reversed, under our recent decision in this case of March 26, 1915. Hull, as Trustee, v. Fifty-Second Street Storage House, 152 N. Y. Supp. 363. By that decision we directed a settlement of the receiver's accounts in this court.

[1-3] The receiver of this court was appointed at the request of the trustee in bankruptcy, to protect the bankrupt's property for the benefit of his creditors. A proper accounting of his receipts and disbursements should involve a fixation of his compensation as an officer of this court, so far as this court may fix the amount. Whether the amount so fixed should be given priority of payment by the bankruptcy court is beyond our power. We think that the receiver's right and measure of compensation is controlled by section 3320 of the Code of Civil Procedure. Moe v. McNally Co., 138 App. Div. 480, 123 N. Y. Supp. 71. If so, then the additional allowance to the receiver must be reduced to the sum of $100 as provided in that section. As to the allowance for counsel fee, which was made in the sum of $500, we think it should be reduced to the sum of $250, and $45.60 disburse-

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ments. It is to us apparent that the compensation for counsel as fixed at Special Term includes, very largely, remuneration for the attempt of the receiver to continue to exercise dominion over the assets of the bankrupt estate after the ending of his powers and duties in regard thereto.

The appellant argues that the question of receiver's compensation and allowances for counsel fees should not be considered by this court on the receiver's accounting, but should be left entirely to the bankruptcy court for determination without any action by this court. The theory of this contention is that no order made by this court can bind the bankruptcy court in its administration of the assets of the bankrupt estate. If this be so, it is no reason why this court should refrain from settling the accounts of its own officer, and proceeding in all the usual incidents of an accounting. For it is not to be assumed that the bankruptcy court, which, through its officer, came into this court and secured equitable relief for the benefit of the bankrupt's creditors, will ignore the action of this court in ascertaining and adjusting the proper expenditures and allowances entailed in this court in the process of affording the relief sought by the trustee in bankruptcy.

The order should be affirmed, in so far as it settles the account of the receiver and fixes his commissions; it should be modified, so far as it fixes the additional compensation of the receiver at $200, by reducing that compensation to the sum of $100; and it should be modified, further, by reducing the allowance for counsel fee to the sum of $250, exclusive of disbursements, without costs of this appeal. Settle order before the Presiding Justice.