# Wytheville

GEORGE HOPE TAYLOR, RECEIVER FOR NORFOLK RESIDENCE CORPORATION v. ANNIE K. MASON.

June 16, 1932.

Present, Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*C. C. Sharp* and *John W. Eggleston,* for the plaintiff in error.

*Rixey & Rixey,* for the defendant in error.

EPES, J., delivered the opinion of the court.

This is a tort action brought by Annie K. Mason against George Hope Taylor in his official capacity as receiver for the Norfolk Residence Corporation. The action was brought by a notice of motion for judgment which was served on Taylor on June 23, 1930. The material allegations of the notice, as supplemented by the bill of particulars filed by Mrs. Mason, are as follows:

At the time Mrs. Mason received the injuries for which she sues, Elmhurst Court Apartment was owned by Nor-

folk Residence Corporation, and was in the possession and control of and being operated by George Hope Taylor, who, on August 10, 1929, had been appointed by the Circuit Court of city of Norfolk as receiver for this corporation, and had duly qualified as such receiver. She was living with her husband in an apartment on the fourth floor of this building, which he was renting from the defendant. On the landing at the top of the stairway leading from the hallway on the third floor to the second floor of this building was a rubber mat. This mat constituted a dangerous trap to one descending the stairway, because (1) it was not properly installed in that its inner edge (the edge away from the stairway) was not fastened down, and (2) the inner edge had become thin, worn, frayed and turned up. On October 9, 1929, as she, in the exercise of reasonable care, approached the top of this stairway and was about to descend the stairs, her foot was caught in or under this mat. This caused her to trip, lose her balance, and fall down the stairway, as the result of which she was severely injured. The catching of her foot in the mat was due to the negligence of Taylor, the receiver, in permitting the mat to be and remain in the defective condition above set forth.

Taylor, the receiver, filed a plea of the general issue and an affidavit denying that he had any control over the building at the time of this accident. He also filed several special pleas, but in the view which we take of this case it is only necessary to consider his Special Plea No. 1.

Special Plea No. 1 was filed by leave of court on October 18, 1930. It alleges that Taylor was appointed and qualified as receiver for Norfolk Residence Corporation on August 10, 1929, that the corporation was adjudicated as bankrupt on December 3, 1929, by the United States District Court for the Eastern District of Virginia, by which Percy S. Stephenson was appointed receiver for the corporation; that

Taylor was discharged as receiver of this corporation by the adjudication of the corporation a bankrupt, and that this action was not brought until June 23, 1930; and prays that, therefore, the court will dismiss the action.

The record does not contain a copy of the order of the Circuit Court of city of Norfolk appointing Taylor receiver for Norfolk Residence Corporation; and it does not appear either from the pleadings or the evidence upon whose motion the receiver was appointed, in what cause the order was entered, what was the nature of the proceedings in which the order was entered, when the proceedings were instituted, or what were the terms and provisions of the order.

It may be noted here that it is not alleged or proven that the Circuit Court of city of Norfolk has entered any order discharging Taylor as receiver for Norfolk Residence Corporation; and we understand the plaintiff in error to admit that no such order has been entered.

On the motion of Mrs. Mason the court struck out Special Plea No. 1 and all the other special pleas filed by Taylor. The case was tried upon the general issue, and the jury returned this verdict: "We, the jury, find for the plaintiff, and *asses* damages at $10,000.00."

Taylor moved the court to set aside the verdict of the jury on the ground that it was contrary to the law and the evidence, and to enter judgment for him dismissing the action, or, at least, to grant him a new trial. The court overruled this motion and entered judgment in accordance with the verdict, to which judgment a writ of error has been granted to Taylor.

The first assignment of error is that the court erred in striking out Taylor's Special Plea No. 1.

This is not an action for a personal judgment against the Norfolk Residence Corporation or against George Hope Taylor individually. It is an action to procure a judgment

against him in his official capacity as receiver of the court and is analogous to an action *in rem* against the estate of the Norfolk Residence Corporation which was in his hands as such receiver.

There is no allegation or proof of any personal misconduct or negligence on the part of Taylor which would support a personal judgment against him in this case. The liability of Taylor, if any, is not a personal liability, but a liability in his official capacity only. If there can be any recovery by Mrs. Mason in this case, the only proper judgment which can be rendered is a judgment against Taylor in his official capacity as the receiver of the court, payable out of the funds held by him in that capacity, in due course of administration of his receivership. *McNulta* v. *Lochridge,* 141 U. S. 327, 12 S. Ct. 11, 35 L. Ed. 796; *Stuart* v. *Dickinson,* 290 Mo. 516, 235 S. W. 446; Burks Pl. & Pr. (2d.) section 40; Beach on Receivers (2d.) sections 724-725; High on Receivers (4th) section 286a and section 397b; 23 R. C. L. page 83. Counsel for Mrs. Mason recognizes that this is so, and states in his brief that "no claim is made for a judgment against Mr. Taylor in his individual capacity;" and in his oral argument conceded that, if the judgment in this case may be construed as a personal judgment against Taylor, it should be so amended as to make it a judgment against him only in his official capacity.

The plea alleges that Taylor was appointed receiver for this corporation within four months from the time that the corporation was adjudged a bankrupt. This adjudication of the corporation a bankrupt operated to suspend the further administration of the bankrupt's estate in the State court, and to transfer the further administration of the bankrupt's estate to the bankruptcy court. While under the rules of comity the State court may, before it transfers the assets of the bankrupt in its hands to the bankruptcy court, settle the accounts of its receiver and close

its connection with the matter;[1] yet in doing so it should scrupulously regard the rule of comity under which it is acting, and limit its action to the settlement of its receiver's account for transactions already had. "Necessarily when like proceedings in the State courts are determined by the commencement of proceedings in bankruptcy, care has to be taken to avoid collision in respect of property in possession of the State court." The State court should do its part in avoiding such a collision; and in taking any further steps in relation to the estate, should be careful not to overstep or strain the rule of comity under which it acts. *In re Watts & Sachs*, 190 U. S. 1, 23 S. Ct. 718, 47 L. Ed. 933; *Hume* v. *Myers* (C. C. A. Va.) 242 F. 827; *Lea* v. *Geo. M. West Co*. (D. C. Va.) 91 F. 237; *In re Lesser Bros.* (C. C. A. N. Y. 1900), 5 A. B. R. 320; *Loveless* v. *So. Grocer Co., Ltd.* (C. C. A. La.) 159 F. 415, 86 C. C. A. 395, 20 A. B. R. 180; *Lambert* v. *National Hog Co.*, 263 Pa. 354, 106 Atl. 541; *Shannon* v. *Shepard Mfg. Co.*, 230 Mass. 224, 235, 119 N. E. 768, writ of error dismissed *Mason* v. *Shannon*, 252 U. S. 572, 40 S. Ct. 392, 64 L. Ed. 722; *Carter-Mullaly Transf. Co.* v. *Robertson* (Tex. Civ. App.) 198 S. W. 791; *McGahee* v. *Cruickshank*, 133 Ga. 649, 66 S. E. 776; *First Natl. Bank* v. *Zangwill*, 61 Fla. 596, 54 So. 375; *Cudahy*

---

[1] Some Federal courts have held that after the adjudication of the insolvent a bankrupt a State court is without authority even to settle the account of its receiver, and that the receiver must settle his account before the bankruptcy court. *In re Williams* (D. C. Ohio) 240 F. 788; *In re Diamond's Estate* (C. C. A. Ohio) 259 F. 70, *certiorari* denied, *Frankenstein* v. *Jacobs*, 249 U. S. 614, 39 S. Ct. 388, 63 L. Ed. 802.

Some other courts make a distinction between cases in which the State court has cash in hand with which payment of the receiver's compensation and expenses may be made, and cases in which there must be a sale of property to secure funds for such purpose; and hold that where there is no cash in the hands of the court with which such payments may be made, the person claiming to be paid out of the property must be remitted to the bankruptcy court for the adjudication and establishment of their respective claims. *Hanson* v. *Stephens*, 116 Ga. 722, 42 S. E. 1028; *Hume* v. *Myers* (C. C. A. Va.) 242 F. 827; *In re Board of Directors of Suburban Coast Co.* (Sup.), 143 N. Y. S. 363; *Hull* v. *Fifty-second St. Storage House*, 167 App. Div. 860, 153 N. Y. S. 850.

*Packing Co.* v. *New Jersey Dairy Products Co.*, 90 N. J. Eq. 541, 107 Atl. 147. See also Black on Bankruptcy, section 27.

Counsel for Mrs. Mason seems to concede that, if the claim here asserted by her was provable in bankruptcy, the Circuit Court of the city of Norfolk should have dismissed her motion. But they contend that, as this is a claim for damages for a tort which had not been reduced to judgment prior to the time that the Norfolk Residence Corporation was adjudicated a bankrupt, the claim was neither provable nor dischargeable in bankruptcy, and that, therefore, the adjudication did not prevent the bringing of an action on this tort against the receiver in his official capacity in the State court. (See section 35 and section 103, 11 U. S. C. A. bankruptcy act, sections 17, 63), and note 12 under section 103, Bankruptcy, 11 U. S. Code Ann.; *Winfree* v. *Jones*, 104 Va. 39, 51 S. E. 153, 1 L. R. A. (N. S.) 201. This contention is, we think, not well made.

As has been said, this action is brought not to secure a personal judgment against either the Norfolk Residence Corporation or Taylor. It is brought to establish a claim against the *estate* of the Norfolk Residence Corporation which was in the hands of Taylor as the receiver of the court, and is analogous to a proceeding *in rem* against the same estate which upon the adjudication of the corporation a bankrupt passed by operation of law to the trustee in bankruptcy. The primary power and authority to administer this estate was transferred by the adjudication from the State court to the bankruptcy court. Such further power to administer the estate as the State court could thereafter exercise, was exercised under the rule of comity above mentioned. If it be true, as Mrs. Mason contends, that this claim is not provable against the estate in the bankruptcy court, then for the State court to entertain this action (the object of which is to establish the claim as

against the *estate*) would be to violate the principles which underlie the rule of comity upon which the right of the State court to adjudicate further with reference to this estate rests.

The court erred in striking out Special Plea No. 1. If it be a fact, as is therein pleaded, that Norfolk Residence Corporation had been adjudged a bankrupt before this action was instituted, the action against Taylor in his official capacity as receiver should be dismissed.

■ This is not such a plea as comes within the purview of section 6105, Code Va. 1919, as amended by Acts 1920, c. 27, relating to the time within which pleas in abatement must be filed. *Jones* v. *Bradshaw*, 16 Gratt. (57 Va.) 355; *Moore* v. *Norfolk, etc., R. Co.*, 124 Va. 628, 98 S. E. 635; *Thacker* v. *Hubard*, 122 Va. 379, 94 S. E. 929, 21 A. L. R. 414.

■ This brings us to a consideration of the judgment which should be entered here.

Section 6365, Code Va. 1919, provides that if this court be of opinion that the judgment of the trial court is erroneous, it shall reverse the same, in whole or in part, "and enter such judgment * * as to the court shall seem right and proper *and shall render final judgment upon the merits whenever, in the opinion of the court, the facts before it are such as to enable the court to attain the ends of justice.*" (Italics ours.)

While there is no evidence in the record upon the point, Mrs. Mason seems to admit in her brief that the facts alleged in Taylor's Special Plea No. 1 are true.

It appears from the record that this is the fourth trial of this case which has been had in the court (or courts) below; and it would appear that Mrs. Mason has fully developed her case as to her right of recovery in the evidence here before us. When this evidence is examined, otherwise than as on a demurrer to the evidence, we think

it plain that a verdict of the jury predicated upon a finding that the receiver was negligent and holding that Taylor, in his official capacity as receiver of the Circuit Court of city of Norfolk, or the estate in his hands, is liable is plainly wrong.

We are, therefore, of opinion that the ends of justice will be best served by here entering final judgment for the plaintiff in error, dismissing the motion for judgment filed by the defendant in error; and judgment will be entered accordingly.

*Reversed and final judgment entered for plaintiff in error.*