HANSON, trustee, *v.* STEPHENS *et al.*

1. Exceptions to a judgment on a motion to dissolve an injunction can come to the Supreme Court only by an ordinary bill of exceptions, and not by a fast bill.
2. While a fund raised by a sale of the property of an insolvent debtor, through the medium of a receiver under the orders of a State court, may, on the application of a trustee appointed after an adjudication of such debtor as a bankrupt, for a transfer of such fund in the State court to him, be charged

with the cost and expenses of converting the property of the debtor into cash, yet after the property of a debtor has been seized under the order of a State court and placed in the hands of a temporary receiver, and after the adjudication of such person as a bankrupt, and before the conversion of his property into cash has been made by the receiver, the trustee, on application to the State court, is entitled to the possession of the property for the purpose of being sold and administered in the court of bankruptcy; and it is error on the part of the judge of the State court to order the transfer of such property to the trustee on condition that the fees for the attorneys and receiver shall be first paid. · Where no fund is in the hands of the receiver, out of which such payments may be made, the persons claiming to be paid out of the property must be remitted to the bankruptcy court for the adjudication and establishment of their respective claims.

Argued November 20,—Decided December 11, 1902.

Petition.　　Before Judge Reagan.　Pike superior court.　June 14, 1902.

*W. W. Lambdin,* for plaintiff in error.
· *Dodd, Newman & Dodd,* contra.

LITTLE, J.　On the 27th of November, 1901, C. B. Henderson in his own right, and as next friend of L. F. and J. M. Henderson, minors, filed in the superior court of Pike county an equitable petition against J. J. and W. T. Rogers, Mrs. S. R. Henderson, and Mrs. Lillie Farnum, in which, after making certain allegations, they prayed for equitable relief, the grant of an injunction, and the appointment of a receiver to take charge of the estate of the principal defendant, J. J. Rogers; and on the 5th of March, 1902, the judge of the superior court granted an order restraining Rogers from disposing of his property or creating any liens thereon, and appointed Stephens as temporary receiver to take charge of and hold the property and assets of J. J. Rogers until the further order of the court; and a rule nisi was also issued calling on Rogers on a day named to show cause why the injunction should not be granted and a receiver appointed as prayed for.　Pending this condition of the case, on March 20, 1902, a petition in involuntary bankruptcy was filed against Rogers at the instance of his creditors, and on April 5 thereafter he was duly adjudicated a bankrupt in accordance with the terms of the bankrupt act.　On April 28, 1902, J. W. Hanson was duly and legally appointed trustee for the estate of said bankrupt, and duly qualified as such.　On May 19, 1902, the trustee was authorized, by an order passed by the

judge of the United States district court for the southern district of Georgia, to apply to the superior court of Pike county for an order requiring and directing the temporary receiver to turn over and surrender to him all of the property, effects, and assets which he had in his custody and control belonging to the bankrupt. At the time of the passage of the order authorizing the trustee to make said application, the judge of the United States court, by an order duly passed, restrained the plaintiffs in the petition pending in the State court from further proceeding against the property and assets of the bankrupt in the State court. Neither the receiver nor any creditor resisted the application of the trustee to be put in possession of the property and assets of the bankrupt; but when said petition came on to be heard in the superior court, the attorneys for the plaintiffs in the State court and the temporary receiver made application to be allowed fees and expenses out of the assets of the bankrupt, and introduced evidence tending to show the value of the services rendered both by the receiver and the attorneys. The result of this hearing was that the judge of the superior court passed the following order: " Upon hearing the within application, the court declines to pass upon the question of dissolving the temporary injunction and receivership in this case, on the ground that an order has heretofore been granted by the court, suspending the proceedings in this case on account of the adjudication in bankruptcy of the defendant, J. J. Rogers. It is further ordered and adjudged that upon the payment of the expenses amounting to $32.00 incurred by the receiver, and upon payment of $500.00 to the receiver, Edward A. Stephens, as his compensation, and upon the further payment of the further sum of $500.00 to Dodd, Newman & Dodd, attorneys, as their compensation, said amounts having been adjudged by this court to be due said Dodd, Newman & Dodd for services in filing the original petition and the petition for the appointment of a receiver in said case, the receiver is directed to turn over and deliver to the trustee in bankruptcy, J. W. Hanson, the assets, choses in action, and effects of J. J. Rogers, bankrupt, now in his hands as such receiver." The trustee excepted to this order, and alleged that the court erred, first, in declining to pass upon the question of dissolving the temporary injunction; for the reason that the case as made by the pleadings did not justify the grant of an injunction and the appointment of a receiver,

and that the suspending of the proceedings on account of the bankruptcy proceedings was no bar to the action sought by the trustee; second, in awarding a fee of $500 to the temporary receiver for his services, and a like amount to the attorneys for services rendered in the State court; and third, in making the payment of said fee of $500 to said receiver, and $500 to said attorneys for the receiver, conditions precedent to the delivery of the assets of the bankrupt to the trustee.

1. Upon the call of the case in this court a motion was made by attorneys for the defendant in error to dismiss the bill of exceptions, for the reason that "the grounds of exceptions in said bill being exceptions to the order of the court below refusing to dissolve injunction and receivership, the same should have been certified within twenty days as a fast bill of exceptions." There is no merit in this motion to dismiss. Civil Code, § 5540. "A 'fast' writ of error will not lie to a refusal to dissolve an injunction." *Smith* v. *Willis*, 105 *Ga.* 840, and cit.

2. It appears from the evidence of Stephens, the temporary receiver, that, while he had in his hands a large amount of property belonging to the estate of Rogers, which he had received by virtue of his appointment in the State court, his total cash receipts had been $251.63 and his disbursements $208.24, and that there remained in his hands the sum of $43.39. The petition to the judge of the superior court, asking for an allowance of fees for the attorneys in the State court and for the temporary receiver, contained a prayer that an order be passed fixing the fees of said attorneys and receiver, and that the same be paid out of the assets of the estate before they were delivered to the trustee; and it was under these prayers and the evidence as to the value of the services of each that the judge made and passed the order complained of. It will be noted that this order, in effect, directs the transfer of the assets of the bankrupt to the trustee only on payment of the sums named in the order. We are of opinion that the court erred in the passage of the order to which exceptions are taken. It was admitted that the only fund in the hands of the receiver was $43.39, and the only way in which the additional sum ordered to be paid could be raised was by the sale of sufficient assets in the hands of the temporary receiver. But at the time the order was passed title to these assets had vested in the trustee in bankruptcy. By section

70 *a* of the bankrupt act of 1898 it is declared that the trustee of the estate of a bankrupt, upon his appointment and qualification, and his successor or successors if he should have one or more, upon their appointment and qualification, shall in turn be vested, by operation of law, with the title of the bankrupt as of the date he was adjudged a bankrupt, except in so far as it is to the property exempt.    Construing the order of his honor Judge Reagan by the plain meaning of its terms, the court refused to authorize the transfer unless the sums named should be first paid.    No fund was in the hands of the receiver out of which these allowances could be paid, and there was no other manner of raising them except by a sale of the property of the bankrupt in the hands of the receiver, on the theory that they were entitled to be paid because they were proper charges of the officers of the court in bringing in this fund.

In the case of *Wilson* v. *Parr*, 115 *Ga.* 629, it was ruled by this court that it was not erroneous for a superior court, which had appointed a receiver to take charge of and administer the assets of a firm which had subsequently been adjudicated a bankrupt, to grant an application that the receiver deliver those assets to the trustee in bankruptcy; and it was there further ruled that the State courts might and should first charge the assets so delivered with the payment of the costs and expenses incurred in bringing the same into court, before requiring delivery to be made to the trustee.    But under the facts of the case there presented it appeared that the assets of the bankrupt had, by proper orders of the superior court, been reduced to cash and the fund brought into the superior court for distribution, and the property which was asked to be turned over was money.    Following the well-established rule, founded upon principles of justice and right, the proposition was recognized that this money in the hands of a receiver, which had arisen from the disposition of the property in his hands by orders of the court, should be first charged with the expenses of converting the assets into cash, that these charges amounted to proper expenses for such services, and that the fund should be diminished by an allowance of these proper charges in the way of costs; but, so far as we know, it has never been ruled that property of a duly adjudicated bankrupt, in the hands of a temporary receiver in a State court, shall or can be made subject to sale by the State court for the purpose of liquidating claims of the receiver for fees, especially

after the trustee in bankruptcy has applied for possession of the same; and there are many reasons why this can not properly be done. At the very date of the passage of the order in this case, by operation of the bankrupt law the title to the property had been taken out of the bankrupt and put in the trustee for the benefit of the bankrupt's creditors. The bankruptcy court had assumed full jurisdiction, and the trustee was entitled to have the estate of the bankrupt wherever that might be found. There is a marked difference in charging a fund already raised by a sale of the property of a debtor with the expenses of its conversion into cash, and subjecting the property to sale for the purpose of raising funds for the purpose of paying costs and expenses, after he has been adjudicated a bankrupt. It is our opinion that the judge erred in passing the order to which exception has been taken ; and while he could very properly have devoted to legitimate expenses and costs the cash in the hands of the temporary receiver, he had no power or authority to make the order for the delivery of the assets contingent upon the payment of the fees of the receiver and attorneys, or cause the property of the bankrupt in the hands of the temporary receiver to be sold for the purpose of raising such funds. Any person, under such circumstances, urging a claim to be paid from the bankrupt's estate, whether he is a creditor of the bankrupt, or because he has rendered services in caring for the estate or preserving the property for the benefit of creditors, should be referred to the proper court of bankruptcy, where the merits of such claims, and their priorities, can be passed on and established. It was, in our opinion, immaterial that the judge refused to pass on the question of dissolving the temporary injunction and receivership; the effect of adjudicating the debtor to be a bankrupt transferred the control and management of his estate to the bankrupt court, and placed the right of adjudicating the claims of creditors in another forum; but he erred in granting an order making the transfer of the property of the bankrupt to the trustee in bankruptcy conditional upon the payment of costs and expenses. He should have granted the prayer of the trustee as to the transfer, and remitted the temporary receiver and the attorneys to the bankruptcy court for an adjudication and settlement of their respective claims.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., absent.*