JOHN A. KENNEDY et al.

*v.*

THE AMERICAN TANNING COMPANY.

[Decided January 28th, 1913.]

After an adjudication of bankruptcy, all the rights, liens and claims alleged against the property or the bankrupt must be determined by the bankruptcy court; and as soon as a proper custodian is designated by that court, and an application is made to the court of chancery to have the assets in receivership or *in custodia legis* turned over to that court, the receiver should be ordered to turn over all that he has received, less his compensation, including any expenditures actually made or incurred to that end.

Upon report of receiver, and motion to turn assets over to a trustee in bankruptcy.

*Mr. Elmer H. Geran,* receiver, *pro se.*

*Mr. Wilfred C. Rozel,* for the trustee in bankruptcy.

*Messrs. Pitney, Hardin & Skinner,* for Junius Beebe.

GARRISON, V. C.

The facts necessary to be considered are as follows: The defendant corporation was incorporated under the laws of the State of New Jersey. An application under the Corporation act was made for an injunction and a receiver, and Elmer H. Geran was appointed receiver on the 2d day of February, 1911. The company occupied premises owned by Junius Beebe, and the receiver and Mr. Beebe made some arrangement about compensation for the use of the premises during the time that the property of the defendant company occupied the same after the receivership. The receiver disposed of all of the assets of the company excepting a secret formula.

With things in this situation a petition in bankruptcy was filed on the 23d day of April, 1911, and The American Tanning Company was adjudicated a bankrupt on the 13th day of November, 1911, and thereupon one Paul M. Fisher was appointed as trustee in bankruptcy.

The trustee in bankruptcy has applied to the receiver of this court to turn over to him all of the assets in his hands, and the receiver of this court has presented his report and requested an allowance, and has requested that the obligations incurred by him for caring for and preserving the property during the time that it was in his possession as receiver shall be allowed. The trustee in bankruptcy opposes the receiver in these requests, and insists that this court shall turn over to such trustee in bankruptcy all of the property in the possession of the receiver, without passing upon his accounts and making any allowances for his services or for any expenses incurred by him in caring for and preserving the property.

A full consideration of all the possible questions arising out of this situation would entail much time and would result in an extended review of many decisions. In view of certain settled principles, and of a previous ruling in this court, I do not purpose at this time to make any such extended review or exposition.

In the case of *Singer* v. *National Bedstead Manufacturing Co.* (*Vice-Chancellor Stevenson, 1903*), 65 *N. J. Eq.* (20 *Dick.*) 290, the court decided that where there was no opposition insisting that this court should keep all of the assets in its possession under some claim of jurisdiction, the proper order would be to direct that the receiver of this court should forthwith present his account and report, and that proper allowances thereout should be made, and the residue of the assets in the receiver's hands should be turned over to the trustee in bankruptcy. The conclusion reached by the vice-chancellor in that case is sustained not only by the reasons advanced by him therein but also by authority. The following cases clearly indicate, in my view, that the course pursued is the proper one. *Mauran* v. *Crown Carpet Lining Co.*, 50 *A. R.* 387; 6 *A. B. R.* 740; *Wilson* v. *Parr*, 115 *Ga.* 629; 8 *A. B. R.* 230; *Hanson* v. *Stephens*, 116 *Ga.* 722; 42 *S. E. Rep.* 1028; 11 *A. B. R.* 172; *Loveless* v.

*Southern Grocery Co., 159 Fed. Rep. 415; 20 A. B. R. 180;
Re Watts & Sachs, 190 U. S. 1; 47 L. Ed. 933; 10 A. B. R.
113.*

To the extent that it is necessary for me to do anything more
than to cite the precedent established in this state, and sup-
ported, as I view it, by authorities elsewhere, I may thus briefly
summarize it. Since it is not suggested in this case that the
jurisdiction being exercised in this case was not one which was.
superseded by the bankruptcy proceeding, I concede, for the pur-
pose of further consideration, that the effect of the proceeding
in bankruptcy was to supersede the existing proceeding in this
court. I understand the law to be that all liens, rights, obliga-
tions and claims alleged to exist against the property, or the
bankrupt, must therefore be adjudicated and determined by the
bankruptcy court. I understand that, so soon as a proper cus-
todian is designated by the bankruptcy court, and application is
made to this court to have the assets *in custodia legis* turned
over to the bankruptcy court, an order to that end should be
made. In my view, what should be turned over is all that the
custodian appointed by this court received, less that which it has
taken to compensate the receiver or custodian for taking care of
the property. This would necessarily include his expenses in that
respect, compensation for such care and preservation, and any
expenditures actually made or incurred to that end.

Without going deeply into the matter, I cannot conceive it
possible that the bankruptcy court would contend that it was
entitled to take over the property which had been *in custodia
legis* in this court until this court should have reimbursed those
who had, under its direction or with its sanction, expended
moneys for the preservation of the property in question. Very
different questions arise where moneys are to be paid out for any
other purposes, and I shall not herein discuss those other ques-
tions. In the case at bar, it will be recalled that the receiver
herein was appointed on the 2d of February, 1911; that the
application in the bankruptcy case was filed on or about the 23d
of April, and the adjudication was not until November, during
all of which time the property, of necessity, was in the custo-
dianship of the receiver appointed by this court; and all the

expenses intended to be allowed are for actual preservation and care.

The order herein will be that the receiver's account shall be settled; that all expenditures actually made for the preservation of the property shall be reimbursed to him; that any obligation that he undertook for the purpose of caring for and preserving the property shall be made; and that the balance of the money, after deducting the amount necessary to meet the items above mentioned, shall be turned over to the trustee in bankruptcy. The secret formula has already been turned over.

An order in accordance herewith may be settled on notice.