HUME et al. v. MYERS et al. *

In re PIEDMONT MANGANESE CORP.

(Circuit Court of Appeals, Fourth Circuit. May 17, 1917.)

No. 1496.

**1. BANKRUPTCY ⬅36—ORDERS—FINAL JUDGMENT—WHAT CONSTITUTES.**

An order in bankruptcy, dismissing the petition for compensation filed by receivers appointed prior to bankruptcy, who had delivered the property of the bankrupt to the trustee, which authorized the filing of another petition asserting their claims on other grounds, is not a final order, and a second petition cannot be denied on the ground that the proper remedy should have been by appeal from the denial of the first.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 36.]

**2. BANKRUPTCY ⬅36—ORDERS—FINALITY.**

A court of bankruptcy is always open, and until distribution the bankruptcy court may open and reconsider on the merits its orders concerning petition for payment of claims out of funds of the bankrupt estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 36.]

**3. BANKRUPTCY ⬅347—RIGHTS OF RECEIVER PRIOR TO BANKRUPTCY—CLAIMS.**

An assignee under a deed of assignment, or a receiver acting under judicial authority, will be allowed compensation as a preferred claim in the administration of the property, to the extent that his services have benefited the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 538.]

**4. RECEIVERS ⬅199—ALLOWANCE OF COMPENSATION—ORDERS.**

Orders allowing receivers compensation are purely administrative, subject to disallowance or change with the development of the administration.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 391.]

**5. BANKRUPTCY ⬅317—COMPENSATION OF RECEIVERS—ORDERS.**

Where, after the appointment of receivers of a corporation on the ground of insolvency, the corporation was adjudicated a bankrupt, and the receivers were by the appointing court directed to deliver the corporate property to the trustee in bankruptcy, their compensation and allowances for their counsel being fixed by the same order, but without directions for payment, the order of the appointing court is not conclusive on the court of bankruptcy, for such an order is administrative, and, while the court of bankruptcy may by comity indulge a presumption in favor of the correctness of the allowance, yet it must exercise its independent judgment.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 493-495.]

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied July 20, 1917.

Appeal from the District Court of the United States for the Western District of Virginia, at Lynchburg, in Bankruptcy; Henry Clay McDowell, Judge.

In the matter of the bankruptcy of the Piedmont Manganese Company, a corporation. Petition by A. C. Hume and another, opposed by D. W. Myers, F. W. Whitaker, trustee in bankruptcy, and others. From a judgment denying the petition, petitioners appeal. Affirmed.

G. E. Caskie, of Lynchburg, Va., and James Mann, of Norfolk, Va. (Caskie & Caskie, of Lynchburg, Va., and Mann & Tyler, of Norfolk, Va., on the brief), for appellants.

S. V. Kemp, of Lynchburg, Va., for appellees.

Before PRITCHARD and WOODS, Circuit Judges, and SMITH, District Judge.

WOODS, Circuit Judge. The Piedmont Manganese Company, a Delaware corporation, on November 29, 1913, filed a bill in the District Court for the Eastern District of Virginia against the Piedmont Manganese Corporation, a Virginia corporation having an office in that district, the Lynchburg Trust & Savings Bank, and the Philadelphia Trust, Safe Deposit & Insurance Company. The complainant, as owner of a large majority of the stock of the Piedmont Manganese Corporation, alleged the pecuniary embarrassment of the corporation and the necessity, for the preservation of its property, that receivers should be appointed, the corporate debts and assets ascertained, and that in the meantime the Lynchburg Trust & Savings Bank and the Philadelphia Trust, Safe Deposit & Insurance Company, as trustees of its mortgages, should be enjoined from foreclosing the mortgages. The trust companies were not served; but upon the bill and answer of the Piedmont Manganese Corporation the District Court for the Eastern District of Virginia on the same day granted a temporary restraining order, appointed Arthur C. Hume and Charles Hall Davis temporary receivers, and required the defendants named in the bill to show cause why the injunction and the receivership should not be made permanent. The hearing of the order to show cause was by consent postponed from day to day and was never acted upon. In the meantime, on December 15, 1913, the unsecured creditors of the Piedmont Manganese Corporation petitioned the District Court for the Western District of Virginia, where its plant was located, that the corporation be declared a bankrupt, under the allegation that it had procured the appointment of a receiver on the ground of insolvency. On March 3, 1914, the corporation was accordingly adjudged a bankrupt on the ground stated in the petition. Thereupon, on March 7, 1914, the District Court for the Eastern District directed its receiver Hume, Davis having retired from the receivership, to file his final report, to turn over to the trustee in bankruptcy in the Western district all the assets, books, and records of the bankrupt corporation; and in the order, as compensation for services rendered, allowed Hume and Davis, as receivers, each $400, James Mann, as counsel for the receivers, $500, and Wm. H. Mann, as counsel for the Piedmont Manganese Corporation, $250. Other allowances were made for those who had been employed by

the receivers for the preservation of the property. The order did not express any intention to specifically charge the property with the payment of the allowances.

The receivers, having no fund in hand to pay allowances to themselves and their counsel, turned over the entire property to the trustee in bankruptcy, and thereafter filed their petition in the court of bankruptcy, alleging the order of the District Court for the Eastern District to be an adjudication of their claims binding on the bankruptcy court, conferring on them a right to have the allowances to them and their counsel paid in preference to the lien creditors. The bankruptcy court, finding that the liens under the deeds of trust would more than absorb the entire property, leaving nothing for unsecured creditors, allowed the trustee under the deeds of trust to take and sell the property, after depositing an amount sufficient to meet the claims of the receivers and their counsel. The bondholders under the trust deeds filed an answer to the petition of the receivers, denying that the allowances made to the receivers and their counsel by the District Court for the Eastern District were binding on the court of bankruptcy. The issue thus made was heard by the referee, who held that the allowances in question made by the District Court for the Eastern District were not binding on the court of bankruptcy, and dismissed the petition without prejudice to the right of the petitioners to assert any claim for compensation by a new petition or other proceedings. This order of the referee was affirmed. A new petition was then filed, elaborating the position taken in the first, and indicating an intention to set up the further ground that the principal bondholder was estopped by the fact that he was represented by counsel before the court and made no objection to the continuance of the receivership. This petition was dismissed by the referee, and his action was approved and affirmed by the order of the court of bankruptcy. The appeal is from this last order.

[1, 2] The position is taken by the appellees that the appeal should be dismissed, because the second petition was merely an effort to reopen the question of the effect of the order of the District Court for the Eastern District making the allowances, which had been adjudged against the petitioners by the order dismissing the first petition, from which there was no appeal. This position is untenable. The order dismissing the first petition was not a final order, because it provided for another petition to be filed, asserting the claims on grounds other than those set out in the first; and the second petition indicates an intention to set up the additional ground of estoppel. But, aside from that, the court of bankruptcy is always open, and until the distribution of the fund in controversy the court had the power to open and reconsider on the merits its own orders. In re Burr Mfg. & Supply Co., 217 Fed. 16, 133 C. C. A. 126. The language of the order of Judge McDowell clearly indicated that he did reopen the issue and consider it anew on the merits.

[3-5] Stripped of mere incidental facts, the case made by the appeal is this: A court of equity appoints receivers of a corporation on the ground of insolvency, at the instance of a stockholder owning nearly all the stock, in a proceeding to which no creditor, secured or unsecured, was made a party by service. While the property is undisposed of

in the hands of the receivers, the corporation is adjudicated a bankrupt. The court of equity then orders its receivers to turn over the corporate property to the trustee in bankruptcy, and by the same order fixes the compensation of the receivers and their counsel, without making provision for its payment. Is the order of the court of equity, making the allowances, binding as res adjudicata on the court of bankruptcy?

There is a distinction between the effect of the order before us and an order of a court of equity making such allowance, where the property has, through the instrumentality of the receivers, been disposed of, and the purchase money is in the hands of the receivers. In the latter situation there is reason in the view, though we do not commit ourselves to it, that the court of equity turns over only the net fund in its hands after deducting the expenses incurred in its production, including the compensation of its receivers and their counsel. It is true that in many of the cases broad language is used in favor of the authority of courts to fix the compensation of their officers; but these cases related to allowances and payment from funds in hand, not to fixing charges upon specific property to be turned over to the bankruptcy court. Kennedy v. American Tanning Co., 81 N. J. Eq. 109, 85 Atl. 812; Singer v. National Bedstead Mfg. Co., 65 N. J. Eq. 290, 55 Atl. 868; State v. German Exchange Bank, 114 Wis. 436, 90 N. W. 570; In re Board of Directors Suburban Co., 143 N. Y. Supp. 363; Mauran v. Crown Carpet Lining Co., 23 R. I. 344, 50 Atl. 387; Id., 23 R. I. 324, 50 Atl. 331; Wilson v. Parr, 115 Ga. 629, 42 S. E. 5. The distinction is forcibly stated in Hanson v. Stephens, 116 Ga. 722, 42 S. E. 1028. When the court of equity has not reduced the property to money, it is not in possession of that definite knowledge of the value of the property which is an important factor in finally fixing compensation.

Any real services, either of an assignee under a deed of assignment or of a receiver acting under judicial authority, will be allowed as a preferred claim in the administration of the property and the distribution of its proceeds to the extent that the services have benefited the estate. Randolph v. Scruggs, 190 U. S. 533, 23 Sup. Ct. 710, 47 L. Ed. 1165. But orders for such allowances are purely administrative, subject to entire disallowance or change by either increase or decrease with the development of the administration. The order of Judge Waddill of the Eastern District making allowance to the receivers was purely administrative. It was subject to change at his discretion at any time at least before actual payment, as long as he had the responsibility of administration. When the responsibility of administration fell upon Judge McDowell, with it came the power to exercise the same discretion. The point of logical contradiction, not to say absurdity, is reached when it is said that an allowance which Judge Waddill could have revoked, or increased or diminished, at his discretion, attached to the property as it passed to the bankruptcy court as an unalterable judgment beyond the control of the judge of the bankruptcy court.

The true rule is this: When a court of equity appoints receivers of corporate property, its allowance to its receivers and their attorney is an administrative order, presumptively right as to the justice of the allowance. When the corporate property falls by operation of law into

the bankruptcy court, that court by comity will indulge the presumption in favor of the correctness of the allowance; but the court of bankruptcy, having the responsibility of administration, must exercise its independent judgment, giving due weight to the presumption in favor of the administrative finding of the court of equity. This, we think, is what the Supreme Court meant in the case of In re Watts, 190 U. S. 1, 23 Sup. Ct. 718, 47 L. Ed. 933, when it said:

"It has been already assumed that the bankruptcy proceedings operated to suspend the further administration of the insolvent's estate in the state court, but it remained for the state court to transfer the assets, settle the accounts of its receiver, and close its connection with the matter. Errors, if any, committed in so doing, could be rectified in due course and in the designated way."

The rectification of errors in due course and in the designated way here referred to must mean rectification by the bankruptcy court, for after the assets are turned over to that court all orders relating to the matter must emanate from that court.

The judgment of the District Court is affirmed, without prejudice to the right of the petitioners to apply to that court for the allowance of such compensation to themselves and their attorney as it may think fit.

Affirmed.