*90 N. J. Eq.*    Cudahy Packing Co. *v.* N. J. Dairy Products Co.

CUDAHY PACKING COMPANY

*v.*

NEW JERSEY DAIRY PRODUCTS COMPANY.

[Decided May 17th, 1919.]

1. If bankruptcy proceedings are initiated after the appointment of a receiver of an insolvent corporation under the statute, and his taking possession of the assets, and it appears that the bankruptcy court is entitled to the ultimate control of the property, the proper practice is for the receiver to apply to this court to pass his accounts, fix his fees and direct him to turn over the balance to the trustee.

2. If the receiver fails to act, the trustee in bankruptcy may move this court for the same purpose.

3. If the trustee in bankruptcy is dissatisfied by the determination of this court, appeal lies in the ordinary course.

4. A receiver appointed by this court may not, without the consent of this court, either submit to the jurisdiction of the bankruptcy court to fix his compensation or turn over to the trustee in bankruptcy or to any other officer of the bankruptcy court, or of any court, the assets of the corporation.

5. If the receiver has parted with control of the assets, this court will not ordinarily indicate its views as to the amount of compensation, the court ordinarily declining to make an order or decree which cannot be made effective by its own process.

On bill, &c.

*Mr. Selick J. Mindes,* for the receiver.

LANE, V. C.

Subsequent to the appointment of a receiver of a New Jersey corporation adjudged insolvent, in proceedings under the statute, and his taking possession of the property, bankruptcy proceedings in the federal court were initiated and a trustee has been appointed. The receiver now makes application to this court to pass his account, fix his fees and direct him to turn over the balance to the trustee in bankruptcy. Prior to this application I understand the receiver informally applied to the United

States district court in bankruptcy to fix his fees. I take this opportunity to indicate the practice in these matters. Upon the appointment of a trustee in bankruptcy of the assets of a corporation, the property of which is in the control of a receiver of this court, where it appears that the federal court has jurisdiction and is entitled to the ultimate control of the assets, it is the duty of the receiver of this court to apply to this court to pass his accounts, fix his compensation and direct that he turn over the balance to the trustee. The receiver may not, without the consent of this court, either submit to the jurisdiction of the bankruptcy court to fix his compensation, or turn over to the trustee in bankruptcy, or to any other officer of the bankruptcy court, or of any court, any of the assets within his control. If the receiver does not move, then the trustee in bankruptcy may apply to this court to compel the receiver to file his account and may ask this court for an order fixing the compensation of the receiver and for a direction that the balance be turned over to the trustee. If the trustee in bankruptcy is dissatisfied with the determination of this court, appeal lies in the ordinary course. *Singer* v. *National Bedstead Co., 65 N. J. Eq. 290; Kennedy* v. *American Tanning Co., 81 N. J. Eq. 109.* It is conceded, of course, that in a case in which the bankruptcy court has jurisdiction the Bankruptcy law is paramount, but the practice which should be pursued is clearly indicated by the supreme court of the United States. *In re Watts & Sachs, 190 U. S. 1.* I am aware that there may be found statements of federal judges to the effect that judgments of state courts as to fees, &c., may be reviewed by courts of bankruptcy, but I know of no instance in which such assumed power has been exercised. The review spoken of by the supreme court in the *Watts Case* is a review by appeal in the ordinary course. Cases in which the federal courts have fixed the fees of state receivers at their request, after the assets have been turned over to the trustee, are without application.

There have been cases in which, after the receiver of this court has parted with possession of all of the property of the insolvent estate, he has applied to this court to indicate the amount he should be allowed for fees and in which the referee in bank-

ruptcy has indicated a desire that the fees should be indicated by this court, subject, however, to review by the bankruptcy court. In such cases, however desirous the individual members of the court may be to lend any aid or assistance possible to the federal courts, the court will not ordinarily fix the compensation or indicate officially its views as to the proper amount. The court will not ordinarily make an order or decree which cannot be made effective by its own process.