To a bill of complaint filed by a stockholder on September 17th, 1929, the Standard Auto Supply Company, a corporation, *Page 106 
filed an answer admitting the allegations contained therein and consented to the appointment of a receiver. The defendant corporation was declared insolvent and enjoined from exercising its franchises. C. Wallace Vail was appointed receiver under the statute. Stockholders and creditors were ordered to show cause on September 24th, 1929, why the receiver should not be continued. Upon the argument of the order to show cause, due proof having been made of its service upon stockholders and creditors, no one appeared in opposition, and, accordingly, Mr. Vail was continued as receiver.
On October 3d 1929, an involuntary petition was filed in bankruptcy against the defendant corporation, and on January 20th, 1930, the corporation was adjudicated a bankrupt, and on March 7th, 1930, the order appointing a trustee was filed.
The estate of defendant corporation has been administered by Mr. Vail, the receiver appointed by this court, and all of its assets reduced to cash. No application was made at any time during the administration by those in interest in the bankruptcy proceedings to direct the receiver appointed herein to turn over the assets to the control of the court in bankruptcy and there was no appearance herein by any one interested in the bankruptcy proceedings until the receiver filed his final accounting, applying for approval of the account and for allowances for himself and his solicitor and instructions to turn over the balance of the moneys in his hands to the trustee in bankruptcy.
The final account of the receiver discloses that he collected a total of $12,688.60, of which $7,931.56 was the result of the collection of numerous small accounts receivable, ranging from $1.85 to $125 each. The collection of the accounts was a very difficult task and consumed a large amount of time, due to the unwillingness of the debtors to pay as is usually the case after a receiver is appointed. Debtors often feel that the appointment of a receiver affords them an excellent opportunity to escape the payment of their obligations. The receiver disbursed the sum of $2,192.61, about which no question has been raised, which leaves a balance in his hands *Page 107 
of $10,495.99, to be turned over to the trustee in bankruptcy after the payment of the costs of administration in this court.
Upon the return of the order to show cause why the receiver appointed by this court should not be discharged, his accounts approved, and allowances made to him and to his solicitor for administering the estate, counsel appeared on behalf of the trustee in bankruptcy and contended that it was not within the jurisdiction of this court to fix the allowances of the receiver and solicitor and other costs of administration; if this court did fix the allowances and other costs of administration, the propriety and amount of such allowances and costs of administration were subject to review by the bankruptcy court before such allowances and costs of administration could be paid; the allowances asked for by the receiver and his solicitor respectively were excessive; if this court did make any allowances, the receiver, being a lawyer and solicitor of this court, should alone be paid and nothing allowed to his solicitor.
The practice in this state in cases where bankruptcy proceedings are instituted after the appointment of a receiver by this court for an insolvent corporation under the statute seems to be well settled. Although the bankruptcy court is ultimately entitled to the control of the property, the proper practice is for the receiver to apply to this court to pass on his accounts, fix his allowances and other costs of administration and for a direction to turn over the balance of moneys and other assets in his hands to the trustee in bankruptcy.
Vice-Chancellor Lane in Cudahy Packing Co. v. New JerseyDairy Products Co., 90 N.J. Eq. 541, said:
"I take this opportunity to indicate the practice in these matters. Upon the appointment of a trustee in bankruptcy of the assets of a corporation, the property of which is in the control of a receiver of this court, where it appears that the federal court has jurisdiction and is entitled to the ultimate control of the assets, it is the duty of the receiver of this court to apply to this court to pass his accounts, fix his compensation and direct that he turn over the balance to the *Page 108 
trustee. The receiver may not, without the consent of this court, either submit to the jurisdiction of the bankruptcy court to fix his compensation, or turn over to the trustee in bankruptcy, or to any other officer of the bankruptcy court, or of any court, any of the assets within his control. If the receiver does not move, then the trustee in bankruptcy may apply to this court to compel the receiver to file his account and may ask this court for an order fixing the compensation of the receiver and for a direction that the balance be turned over to the trustee. If the trustee in bankruptcy is dissatisfied with the determination of this court, appeal lies in the ordinary course. Singer v.National Bedstead Co., 65 N.J. Eq. 290; Kennedy v. AmericanTanning Co., 81 N.J. Eq. 109. It is conceded, of course, that in a case in which the bankruptcy court has jurisdiction the Bankruptcy law is paramount, but the practice which should be pursued is clearly indicated by the supreme court of the United States. In re Watts Sachs, 190 U.S. 1; 23 Sup. Ct. Rep. 718;47 L.Ed. 933. I am aware that there may be found statements of federal judges to the effect that judgments of state courts as to fees, c., may be reviewed by courts of bankruptcy, but I know of no instance in which such assumed power has been exercised. The review spoken of by the supreme court in the Watts Case is a review by appeal in the ordinary course. Cases in which the federal courts have fixed the fees of state receivers at their request, after the assets have been turned over to the trustee, are without application."
In Cavagnaro v. Indian Tire and Rubber Co., 90 N.J. Eq. 532
(at p. 538), Vice-Chancellor Lane said:
"In no event may the receiver of this court turn over the assets to the federal receiver until he shall have had his administration of the affairs of the corporation passed upon by this court, his accounts settled and an allowance made, c."
In Kennedy v. The American Tanning Co., 81 N.J. Eq. 109 (atp. 110), Vice-Chancellor Garrison said:
"In the case of Singer v. National Bedstead ManufacturingCo. (Vice-Chancellor Stevenson, 1903), 65 N.J. Eq. (20 *Page 109 Dick.) 290, the court decided that where there was no opposition insisting that this court should keep all of the assets in its possession under some claim of jurisdiction, the proper order would be to direct that the receiver of this court should forthwith present his account and report, and that proper allowances thereout should be made, and the residue of the assets in the receiver's hands should be turned over to the trustee in bankruptcy. The conclusion reached by the vice-chancellor in that case is sustained not only by the reasons advanced by him therein but also by authority. The following cases clearly indicate, in my view, that the course pursued is the proper one. Mauran v.Crown Carpet Lining Co., 50 Atl. Rep. 387; 6 A.B.R. 740; Wilson
v. Parr, 115 Ga. 629; 8 A.B.R. 230; Hanson v. Stephens,116 Ga. 722; 42 S.E. Rep. 1028; 11 A.B.R. 172; Loveless v. SouthernGrocer Co., 159 Fed. Rep. 415; 20 A.B.R. 180; Re Watts Sachs,190 U.S. 1; 47 L.Ed. 933; 10 A.B.R. 113."
The principle outlined in the above cited cases seems not only to be the practice in this state, but also that of other states. In Shannon v. The Shepard Mfg. Co., 119 N.E. Rep. 768 (at p.772), (Supreme Judicial Court Mass. Middlesex, 1918), the court said:
"The weight of authority appears to support the view that it is within the power of the state court under such circumstances as are here presented to determine the fees of its receiver and his necessary expenses." (Numerous cases cited, among them several from New Jersey.)
The same principle was also recognized by the third circuit court of appeals in Loeser v. Dallas, 192 Fed. Rep. 909, in which it was held that a receiver must obey the orders of the court of which he is an officer, Circuit Court Judge Buffington stating:
"* * * and so obeying, it follows that to it alone must he account."
There are numerous other authorities but the law seems to be so well settled in this state that it is needless to cite them.
The language of Mr. Justice Brandeis, delivering the *Page 110 
opinion of the supreme court of the United States, in LionBonding and Surety Co. v. Karatz, 262 U.S. 640; 67 L.Ed. 1151
(at p. 1152):
"Even where the court which appoints a reeciver had jurisdiction at the time but loses it, as upon supervening bankruptcy, the first court cannot thereafter make an allowance for his expenses and compensation. He must apply to the bankruptcy court," is relied upon as indicating that the practice applied in this state is erroneous. The remarks of Mr. Justice Brandeis were purely obiter.
On the other hand, there is the case in Re Watts Sachs,190 U.S. 1; 47 L.Ed. 933, mentioned by Vice-Chancellor Lane inCudahy Packing Co. v. New Jersey Dairy Products Co., 90 N.J. Eq. 541,
and Louisville Trust Co. v. Cominger, 184 U.S. 18;46 L.Ed. 413, in which latter the supreme court of the United States held that an assignee for the benefit of creditors appointed prior to the filing of the petition in bankruptcy held the property as an adverse claimant, as security for the payment of fees and expenses and indicated that the proper forum in which to settle the amount of the fees and expenses was the state court. This decision is not affected by May v. Henderson,268 U.S. 111; 69 L.Ed. 870, which merely holds that if the claim of the assignee is but colorable and on its face made in bad faith and without any legal justification, the assignee may be directed to account directly in the bankruptcy court.
Louisville Trust Co. v. Comingor, supra, was expressly approved in the opinion in May v. Henderson.
Under our Corporation act, immediately upon the appointment of a statutory receiver, the title to all of the assets of the insolvent corporation passes to the receiver, who is an independent entity created by the statute. Hitchcock v.American Pipe and Construction Co., 89 N.J. Eq. 440 (at p.446); Michel v. Wm. Necker, Inc., 90 N.J. Eq. 171 (at p.176).
Both possession of and title to the assets of the corporation having passed to the receiver, a creature of the statute, prior to the filing of the petition in bankruptcy, it is obvious that his position as an adverse claimant is as good, if not better, *Page 111 
than that of a general assignee and it follows that he is entitled to have his accounts passed and his allowances and those of his solicitor fixed and determined by the court of his appointment, and those allowances paid prior to the surrender by him of the assets to the court of bankruptcy.
As it appears to be a settled principle of law in this state that this court, under a state of facts as outlined in this case, has the duty of fixing the amount of the compensation of its receiver, his solicitor and other costs of administration, it may order such compensation and other costs of administration paid out of the assets within its control, the balance only to be turned over to the trustee in bankruptcy. It would never make a decree unless it could be carried out. Its orders are not subject to review by any court of bankruptcy. It is contended by the representative of the trustee in bankruptcy that, since the receiver appointed by this court is a lawyer, no allowance should be made to his solicitor. The representative of the trustee in bankruptcy has been appointed attorney for the trustee in bankruptcy, who is also a lawyer, and this would seem to be the usual practice in courts of bankruptcy in this state. The receiver under the statute in this state acts in a dual capacity — as an executive and administrator in preserving the assets and in enforcing the rights of the corporation, its creditors and stockholders, and as a judicial officer in determining questions arising upon claims and otherwise. The administration of the estate of an insolvent corporation often involves as many questions of law as of business judgment, and a proper case being shown, a receiver, even though he may be a lawyer, is entitled to the appointment of a solicitor to represent him and advise with him in the settlement of questions of law and to bring and defend such actions, either in this court or others, as may be necessary in the proper administration of the estate. A receiver is not obliged to perform legal services for the benefit of the estate but may, with the sanction of the court, employ counsel. It follows that if counsel is appointed, he must be paid for such services as are properly rendered to the receiver in the administration of the estate. Chancellor *Page 112 
Walker in Conover v. West Jersey Mortgage Co., 96 N.J. Eq. 441
(at p. 446), said:
"Although a receiver be a member of the bar his duties as receiver being strictly executive or administrative, he is not obliged to perform legal services on behalf of the estate, but may employ counsel to advise and assist him in matters of law.High Rec. (4th ed.) 961 § 808; Olson v. State Bank,supra."
I have carefully examined the report and account of the receiver and have taken into consideration the nature of the service rendered, the time spent, and the result, and I will allow the receiver the sum of $1,000, his solicitor the sum of $750, together with costs of these proceedings to be taxed, and to Philip J. Schotland, for auditing the receiver's accounts, the sum of $50, which allowances the receiver will pay and then turn over the balance which may remain of moneys in his hands to the trustee in bankruptcy. I will advise a decree accordingly.