The defendant, a foreign corporation, operated five large department stores, two of which were in New Jersey. By appropriate proceedings the petitioners herein, by virtue of a decree of this court dated October 13th, 1931, were appointed receivers of such of the property of the defendant (adjudged to be an insolvent corporation) as was situate in this state. The petitioners qualified, assumed the duties and burdens of their trust, took possession of the two places of business situate in this state which by appropriate order of this court they conducted as going business establishments, and purchased merchandise for sale therein to replenish depleted stock; they paid for part of such merchandise and are indebted for the remainder thereof. On October 14th, 1931, an involuntary petition in bankruptcy was filed against said defendant in the United States district court for the southern district of New York, resulting in an adjudication of bankruptcy on October 30th, 1931. On November 15th, 1931, Irving Trust Company was appointed receiver in said bankruptcy proceeding, and thereafter, on December 1st, 1931, was appointed trustee therein. Neither as receiver nor trustee did said Irving Trust Company apply to or make demand upon the receivers of this court, or upon this court, for a turn-over to it of the property of the defendant which wasin custodia legis in this court and committed to the care of said receivers pursuant to the provisions of our General *Page 452 
Corporation act (Revision of 1896), P.L. 1896 p. 277; 2 Comp.Stat. p. 1592, as amended and supplemented. Irving Trust Company, as receiver and trustee aforesaid, was aware that the petitioners as receivers of this court were in possession of such of defendant's property as was situate in this state and operating two of its department stores, one in Jersey City and one in Perth Amboy, as going concerns, and purchasing merchandise for sale therein; yet, notwithstanding, it made no effort whatever to possess itself of said property or to restrain the operation of said business establishments by said receivers, but, on the contrary, wittingly acquiesced in said receivers retaining possession of said property and conducting said department stores. The receivers, by operating said places of business as going concerns, preserved the established good will thereof for the benefit of defendant's creditors and stockholders. A letter bearing date December 8th, 1931 ("Schedule C" attached to the petition herein), addressed and sent by the solicitor of said trustee to Mr. John Milton, one of the receivers herein, says,inter alia: "I refer you to my letter of December 2d 1931, in which I express the policy of the trustee to have all receivers and ancillary receivers pay ther own obligations, * * *." On December 9th, 1931, the petitioners, notwithstanding the inaction of said trustee as to the property of defendant in their possession, filed with this court their report and account as receivers, and prayed instructions as to divers matters mentioned therein, and thereupon an order was made requiring the Irving Trust Company, as trustee aforesaid, to show cause before this court on December 14th, 1931, at ten o'clock in the forenoon or as soon thereafter as counsel could be heard, why inter alia
such report and account should not be passed, approved and allowed, and why allowances for the receivers and their counsel, and for the solicitors of the complainant, for services, expenses and disbursements, should not be fixed by this court and directed to be paid by said receivers. Proof of acknowledgment by said trustee of its receipt of a copy of said order to show cause was filed herein December 14th, 1931, at ten o'clock in the forenoon, at which time said order *Page 453 
came on regularly to be heard in the presence of the receivers and their counsel, no one appearing in behalf of said trustee, and upon consideration of the subject-matter of said order this court made a further order approving the report and account of said receivers as stated and filed, and allowing compensation to the receivers and their counsel, and to the solicitors of the complainant herein. The jurisdiction of this court so to do was not challenged by said trustee, who, as hereinabove stated, failed to appear after due notice given to it of the time and place of hearing of the order to show cause why the account of said receivers should not be allowed as stated and filed, and as prayed for by the receivers. In such plenary suit before this court, which had jurisdiction of all the parties in interest in the above stated cause, the claims of the receivers as set out in their petition upon which said order to show cause was founded were properly regarded herein as in the nature of liens and were adjudicated. In re Rathman, 183 Fed. Rep. 913; Shannon v.Shepard Manufacturing Co., 230 Mass. 224; 119 N.E. Rep. 768.
Inasmuch as said trustee did not respond to said order to show cause or by appropriate application object to the contemplated action of this court thereon, as manifested thereby, it estopped itself from thereafter complaining of this court's action in the premises. Section 96 of the Corporation act, supra, provides that foreign corporations doing business in this state shall be subject to the provisions of said act, so far as the same can be applied to such corporations. The efficacy thereof, so far as it relates to a receiver of a foreign corporation, is confined to securing creditors and stockholders, citizens of this state, a just proportion of the property in this state of a foreign corporation when insolvent by sequestering its property in this state through the medium of a receivership. Atwater v.Baskerville, 89 N.J. Eq. 121; affirmed, 90 N.J. Eq. 275. This court, in the absence of any pleading or intervention of the trustee in bankruptcy, could not take notice of the bankruptcy proceeding. In re Rathman, supra; Shannon v. ShepardManufacturing Co., supra. It appears from the petition subjudice that on December *Page 454 
11th, 1931, a referee in bankruptcy of the United States district court of the southern district of New York, made an order directing the receivers of this court and their counsel to show cause before him at his office in New York City on December 14th, 1931, at eleven-thirty o'clock in the forenoon or as soon thereafter as counsel could be heard, why an order should not be made in the bankruptcy proceeding directing petitioners as receivers aforesaid to report and account to said United States district court, and why the receivers' counsel should not be required to make application to said court, for services rendered by petitioners as receivers aforesaid, and why said receivers should not be directed forthwith to turn over to the trustee in bankruptcy "the property, assets and effects of defendant," and why said receivers and their counsel should not be restrained from interfering with said trustee in connection with the assets belonging to the defendant, and for such other and further relief in the premises as said court might deem proper; and in the meantime, and until the final determination of said order, and the entry of an order thereon, said receivers and their counsel be (and by said order were) jointly and severally enjoined and restrained from proceeding with the order to show cause made by this court on December 9th, 1931, directed to the Irving Trust Company, trustee in bankruptcy. It appears also by said petition that the petitioners were advised by their counsel that the above-mentioned order of said referee was inefficacious in that he had no jurisdiction of the petitioners as receivers of this court, or of the subject-matter of said order, and was therefore without authority in the premises. It appears also that the petitioners on December 18th, 1931, were informed that on December 14th, 1931, at eleven-thirty o'clock in the forenoon or thereafter, said referee on motion of said trustee made an order against petitioners as receivers aforesaid, and against petitioners' counsel, which said order petitioners were advised by their counsel was inefficacious for the reason inter alia
that said referee had no jurisdiction of petitioners as receivers aforesaid, nor of the subject-matter of said order, and was therefore without authority *Page 455 
in the premises, and that petitioners as receivers of this court were not obliged to comply with the requirements of the order made by said referee. The referee was unauthorized to require the petitioners herein, as receivers of this court, and their counsel, to attend before him at the time and place stated in the order to show cause made by him. To this court alone are said receivers accountable. Such is clearly indicated in Loeser v.Dallas, 192 Fed. Rep. 909 (C.C.A., 3d Circuit — opinion by Judge Buffington). See, also, Cudahy Packing Co. v. New JerseyDairy Products Co., 90 N.J. Eq. 541. If said referee sought to require the attendance of said receivers and their counsel before him as witnesses, he was unauthorized so to do. He was not empowered to require them to go from the New Jersey District to the New York District. Bankruptcy Act § 41; In re ChampionTool Co., 4 Fed. Rep. (2d ed.) 1000; In re Hemstreet,117 Fed. Rep. 568; In re Cole, 133 Fed. Rep. 414. It appears also by said petition that said trustee on December 1st, 1931 (the same date it was appointed trustee) sold all of the assets which were of the defendant-bankrupt as of November 27th, 1931 (money excepted), and that a bill of sale was delivered to the purchaser by said trustee on December 18th, 1931, and that the purchaser took possession of all assets so acquired, other than such as were in the possession of the receivers of this court. In view thereof it is manifest that from and after such sale the trustee in bankruptcy had no title to any of the assets (except money) of the defendant-bankrupt, and therefore was unwarranted in applying to the referee in bankruptcy for the relief mentioned in the referee's order of December 11th, 1931, and that said referee was without jurisdiction in the premises; and a fortiori was without jurisdiction to make the above-mentioned order of December 14th, 1931. On December 18th, 1931, on petition of said trustee, an order was made by one of the judges of the United States district court for the district of New Jersey requiring the petitioners herein "individually and as receivers" of the defendant corporation, and also requiring petitioners' counsel, to show cause before *Page 456 
the judges of said court on December 21st, 1931, at 10:30 o'clock in the forenoon, why an order should not be made ordering and directing petitioners "individually and as receivers" to comply with the referee's order dated December 14th, 1931, and why they should not be directed forthwith to turn over and deliver to said trustee in bankruptcy "all and singular all the property, assets and effects of said bankrupt now and/or heretofore in their or either of their possession, custody or control, excepting such moneys as they shall have necessarily expended in and about the preservation of the assets and property of said bankrupt prior to the date of the filing of the involuntary petition in bankruptcy against said bankrupt and why as to such expended moneys they should not account to said trustee before said referee in bankruptcy in said matter in the United States district court for the southern district of New York, and why they should not be enjoined and restrained from interfering with said trustee in the taking of possession of the said assets and property belonging to said bankrupt estate and why said trustee should not have such other and further relief in the premises as the court may deem just and proper;" and restraining said receivers and their counsel until the further order of said court from taking any proceedings upon this court's order of December 9th, 1931, and from taking any action or proceeding before this court in connection with or in relation to the report and account filed by said receivers in this court and the application to this court for allowances to said receivers and to their counsel, and ordering petitioners' counsel to show cause why they should not be required to make application for such compensation as they might claim for services rendered to said receivers to said referee. The gist of the question sub judice is as topractice. Conceding (but merely for the purpose of argument) that the trustee in bankruptcy had property rights in and to the estate of the defendant-bankrupt in possession of the receivers of this court on December 18th, 1931, when it presented its petition for ancillary relief to the United States district court for the district of New Jersey, it should have observed orderly procedure *Page 457 
to effect its contemplated purpose. It is manifest from what has been stated hereinabove that the trustee in bankruptcy was without authority in the instant case to apply to the United States district court for the district of New Jersey for the relief prayed by it and as indicated by the order made by a judge of said court on December 18th, 1931, particularly because said trustee at said time was a stranger to the assets of said defendant-bankrupt, having previously divested itself of title thereto. The application by said trustee to the United States district court for the district of New Jersey was officious and ostensibly for the benefit of the purchaser from it of defendant-bankrupt's property. Respect for orderly judicial procedure should have prompted the trustee in bankruptcy to apply to the receivers of this court, or directly to the court, for a turn-over of such property of the defendant-bankrupt as was in possession of said receivers as agents of this court. If the trustee in bankruptcy had applied to the receivers or to this court for a turn-over of the property in question, and was dissatisfied by such determination as this court may have made with respect thereto, it had its recourse in the ordinary course, through appeal from such determination. Cudahy Packing Co. v.New Jersey Dairy Products Co., supra. In the Cudahy Case,supra, it was held that a receiver appointed by this court, may not, without the consent of this court, either submit to the jurisdiction of the bankruptcy court to fix his compensation, or turn over to a trustee in bankruptcy or to any other officer of the bankruptcy court, or of any court, the assets committed to his care. The petitioners, as receivers of this court, do not deny the paramount jurisdiction of the bankruptcy court to administer such of the estate of the defendant-bankrupt as remains in their possession. Such question is not involved in the matter sub judice. It is a well established rule of law that receivers, who are mere agents of the court appointing them for the liquidation of the estate of an insolvent corporation which is is in the custody of the court, may not be sued in any court without the consent of the court which appointed them. Many cases might be cited to sustain such rule. It will suffice *Page 458 
for the purpose of the instant case to cite Schuster v.Ventnor Gardens, Inc., 102 N.J. Eq. 357; 34 Cyc. 411, and Pom.Eq. Jur. (4th ed.) 3751 § 1592, wherein it is said interalia that the rule applies to suits the object of which is to take from a receiver's possession property which he is holding by order of the court. The weight of authority appears to support the view that it is within the power of a state court, under a case such as sub judice, to determine and fix the compensation of its receivers and their counsel, expenses and disbursements incident to the administration of the insolvent estate, and also obligations incident to the conduct of a going business of the insolvent defendant assumed or contracted under appropriate order of the court therefor. It has been so held in Singer v.National Bedstead Manufacturing Co., 65 N.J. Eq. 290; Kennedy
v. American Tanning Co., 81 N.J. Eq. 109; Cudahy Packing Co v.New Jersey Dairy Products Co., supra; Cavagnaro v. Indian Tireand Rubber Co., 90 N.J. Eq. 532, 538; Mauran v. Crown CarpetLining Co., 23 R.I. 344; 50 Atl. Rep. 387; Shachat v. StandardAuto Supply Co., 106 N.J. Eq. 105, and cases cited; In re Watts Sachs, 190 U.S. 1; 23 Sup. Ct. Rep. 718; 47 L.Ed. 933, andColton v. Bankshares Corporation of the United States,108 N.J. Eq. 417; High. Rec. (4th ed.) 938 § 796b. In In reKlein, 116 Fed. Rep. 523, the court extended the rule of disbursements made up to the time of the filing of the petition against an assignee for an accounting. Said rule a fortiori is applicable to a receiver because of his being an agent of the court holding in his possession property in custodia legis.Harkin v. Brundage, 276 U.S. 36; 48 Sup. Ct. Rep. 268; Shannon
v. Shepard Manufacturing Co., supra; Wilson v. Parr,115 Ga. 629, 634; 42 S.E. Rep. 5; Loveless v. Southern Grocer Co.,159 Fed. Rep. 415; First National Bank of Quincy v. Zangwill,61 Fla. 596, 597; 54 So. Rep. 375; McGahee v. Cruickshank,133 Ga. 649, 651; 66 S.E. Rep. 776; Hanson v. Stephens, 116 Ga. 722,726; 42 S.E. Rep. 1028. Vice-Chancellor Backes, in the ColtonCase, supra, says: "The practice as laid down in Shachat v.Standard Auto Supply Co., 106 N.J. Eq. 105, is that indicated *Page 459 
in In re Watts Sachs, 190 U.S. 1, which has ever since been the guide of courts and lawyers in this state, that the court of primary jurisdiction may supervise the administration of its receivers and fix their compensation, and it will be adhered to." In Loveless v. Southern Grocer Co., supra, the court followedIn re Watts Sachs, supra, and stated that while bankruptcy proceedings operated to suspend further administration of the estate of an insolvent corporation in the state court, nevertheless (quoting the language of Chief-Justice Fuller in theWatts Case), "it remained for the state court to transfer the assets, settle the accounts of its receivers, and close its connection with the matter. Errors, if any, committed in so doing, could be rectified in due course and in the designated way." In Carling v. Seymour Lumber Co., 113 Fed. Rep. 483, it was held that where a trustee in bankruptcy is entitled to assets of the bankrupt which are in possession of a receiver appointed by a state court of competent jurisdiction, comity requires, as a general rule, that the trustee should first make application to the state court instead of to the bankruptcy court for an order for the possession of such assets. The court cited as authority for such rule Mauran v. Crown Carpet Lining Co., supra; In reLesser, 100 Fed. Rep. 433, 439; In re Kersten, 110 Fed. Rep. 929,931; In re Lengert Wagon Co., 110 Fed. Rep. 927; Ex parteWaddell, Fed. Cas. No. 17,027; In re Seebold, 105 Fed. Rep. 910;Scheurer v. Smith Montgomery Book and Stationery Co.,112 Fed. Rep. 407. The principles of comity in judicial conduct are very well stated by Mr. Justice Moody in Wabash Railroad Co. v.Adelbert College, 208 U.S. 38. In Ross-Meehan Foundry Co. v.Southern Car and Foundry Co., 124 Fed. Rep. 403, it was held: "A court of the United States will not dispossess the receiver or other officers of a state court by any summary order or process or otherwise than by formal proceedings taken by its own receiver or trustee for that purpose. Bankruptcy courts are governed by this rule, the same as others, in the exercise of their jurisdiction, and will not interfere with the possession of a state court until after the application, at least, to that court by *Page 460 
the trustee or receiver of the bankruptcy court for a surrender of the possession to him, and the refusal of the state court, unwarrantably, to recognize the jurisdiction and authority in bankruptcy." In In re Lengert Wagon Co., supra, it was held: "Under the rule of comity between federal and state courts, a receiver appointed by a court of bankruptcy will be required to apply to a state court for an order requiring its own receiver to turn over property of a bankrupt of which it has obtained possession in insolvency proceedings." The court says: "The receiver of this court is therefore entitled to the custody of the property, but in view of the comity which exists between the federal and state courts, and the fact that the receiver is an officer of the state court, and acting under its immediate direction, application should be made to it for a proper order in the case." In re Lesser, supra, is cited, wherein the court holds that where property belonging to the estate of a bankrupt is in the custody and possession of a receiver appointed by a state court, the trustee in bankruptcy should apply to the state court for an order directing the receiver to turn over the property to him. In Kennedy v. American Tanning Co., supra, Vice-Chancellor Garrison stated: "I cannot conceive it possible that the bankruptcy court would contend that it was entitled to take over the property which had been in custodia legis in this court until this court should have reimbursed those who had, under its direction or with its sanction, expended moneys for the preservation of the property in question." He further stated (atp. 112): "The order herein will be that the receiver's account shall be settled; that all expenditures actually made for the preservation of the property shall be reimbursed to him; that any obligation that he undertook for the purpose of caring for and preserving the property shall be made; and that the balance of the money, after deducting the amount necessary to meet the items above mentioned, shall be turned over to the trustee in bankruptcy." In Harkin v. Brundage, supra, the United States supreme court (opinion by Chief-Justice Taft) in directing a surrender by a federal court receiver to the state court receivers *Page 461 
held: "We therefore shall direct the district court to reverse its action in denying the motion to surrender through its receivers the property of the estate still in its custody to the state court receivers. But the surrender should be only on condition that the state court receivers produce an order from the state court confirming all that has been done in the sale of the property, the disposition of the assets and the distribution thereof as if it had been by its own decree and shall so shape the pleadings and its orders that the case may proceed in the state court as a creditor's bill and a liquidation of all the debts, to enable it to proceed to the complete distribution of all remaining assets in liquidation, as it would have had to do, in view of the insolvency, in a continued administration under the stockholder's bill. The federal court should, before surrender, fix and pay the compensation due to its officers for the work done by them, and, in doing so, should take care to fix the compensation within limits which are plainly reasonable * * *." The receivers of this court cannot be required by summary order of the bankruptcy court to account for (in the sense of paying over the equivalent of) disbursements made before application made by the trustee in bankruptcy to the receivers, or to this court, for a turn-over order. Nor will a summary order lie to require the receivers to surrender sums allowed to them by order of this court as compensation, expenses, c. The case ofSilberberg v. Ray Chain Stores, Inc., 54 Fed. Rep. (2d.)650, is untenable in so far as it may be regarded as applicable to the matter sub judice. It relates to proceedings in the equity branch of the federal district court with respect to the insolvency and appointment of a receiver for a New Jersey corporation which was thereafter adjudged bankrupt. The equity receivers filed a petition praying, among other things, that allowances be made to them and their counsel by said court. Thequery propounded by the court was — "is the equity court vested with power to fix the amounts and cause to be paid the allowances as prayed for; it appearing that bankruptcy has intervened within four months of the institution *Page 462 
of the equity proceedings under which the receivers were appointed?" The court answers its query in the negative. Such determination it appears to me is in conflict with the reasoning of the court in Loeser v. Dallas, supra, and Harkin v.Brundage, supra. In the Loeser v. Dallas Case (which related to an ancillary receiver) Judge Buffington said: "Where defendant was appointed ancillary receiver of an Ohio bankrupt's property located in the western district of Pennsylvania, the court appointing such ancillary receiver, sitting in Pennsylvania, had jurisdiction to settle the receiver's accounts, affording to creditors or the trustee of primary jurisdiction an opportunity to question the correctness of the accounting in the ancillary court; the receiver not being bound to account to the court of primary jurisdiction." See Cudahy Case, supra. What is said by Judge Fake in the Silberberg Case, supra, with respect to the extent of the operation of the General Corporation act of New Jersey in vesting title in the equity receivers on their appointment in proceedings in the federal court under said act, is obiter dictum. And what is said therein with respect to the decision of Mr. Justice Roberts in Isaacs v. Hobbs Tie andTimber Co., 282 U.S. 734; 51 Sup. Ct. Rep. 270, for reasons stated by Vice-Chancellor Backes in the Colton Case, supra, isdehors the matter sub judice. The case of Straton v. New,283 U.S. 318; 51 Sup. Ct. Rep. 465, cited in the SilberbergCase, supra, does not relate to the right of a receiver appointed by a state court, and is not pertinent to the mattersub judice. It suggests that Straton and his fellow commissioners were in effect receivers; but as stated in the opinion of the case — "the statute of West Virginia merely substitutes these commissioners for the usual judicial officer who makes a sale and reports the result thereof to the court." The petitioners herein, as receivers of this court, having been superseded by a trustee in bankruptcy, must account to this court for their trust, have allowances for themselves and their counsel fixed, and turn over the estate remaining in their possession after all proper deductions made, under the direction of this court. Notwithstanding the trustee in bankruptcy *Page 463 
has not made application for a turnover of property in possession of the receivers, this court in the instant case, in view of the facts made known to it by the petitioners herein, will not require the formality of a turn-over application by said trustee.
I will advise an order instructing the petitioning receivers herein that they and their counsel are entitled to retain the allowances heretofore made to them by order of this court and that the solicitors of the complainant are entitled to retain the allowances heretofore made to them in and by said order, and that said receivers are entitled to retain from funds in their hands all of their expenses and disbursements incident to the preservation and administration of the insolvent (bankrupt) estate, and all obligations assumed or contracted by them incident to the conduct of the two department stores hereinabove mentioned, as going business of the defendant corporation, under appropriate order of the court therefor, and that they state and file their final account in this court showing their activities as receivers, to the end that said account may be settled by this court upon due notice to the trustee in bankruptcy aforesaid of the time and place fixed for the consideration and settlement thereof, thus affording to creditors or the trustee of the defendant an opportunity to question the correctness of the accounting.