CLINTON WALLING, PLAINTIFF-APPELLEE, v. JERSEY CENTRAL POWER AND LIGHT COMPANY, A BODY CORPORATE, DEFENDANT-APPELLANT.

Submitted January 18, 1938—Decided August 16, 1938.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-appellee, *Parsons, Labrecque & Borden* (*Theodore J. Labrecque,* of counsel).

For the defendant-appellant, *Autenrieth & Wortendyke* (*Reynier J. Wortendyke, Jr.,* of counsel).

The opinion of the court was delivered by

PORTER, J. The plaintiff seeks to recover damages in this suit against the defendant, alleging a wrongful act in its refusal to supply electric current. The plaintiff received a verdict of $300, and from the judgment thereon, the defendant brings this appeal.

From the testimony it appears that the defendant was a public utility company furnishing electric current to the plaintiff at his place of business, and that in January, 1937, the plaintiff received a bill for electric current sold to him and for which he paid on January 19th, 1937. In February, 1937, he received a bill which again charged him for the current paid for on January 19th. On February 23d, he informed the defendant's cashier at its office that he had paid the January bill, but was unable to find the receipted bill or to furnish the date when it had been paid. The cashier thereupon examined the records of the defendant and informed the plaintiff that the records failed to show the payment. He thereupon paid $3.42 for the February item and received credit on the bill for the same, showing a balance due of $3.60 for the January disputed item.

The next day he received a notice in writing from the defendant that he was in arrears and that if payment were not made before February 27th, service would be discontinued. He continued to search for the missing receipt, but without success. On March 1st, the service was discontinued, and shortly thereafter, a couple of hours or so, the wife of the plaintiff found the missing receipt. On the same day counsel was engaged who advised the defendant by letter that the receipt was in his possession. After an exchange of letters between counsel and the defendant, the receipt was seen by the defendant and the service resumed. However, this exchange of letters took several days with the result that the plaintiff was without service from March 1st to March 6th.

There was testimony that the plaintiff conducted a summer restaurant or grill and at the time of this interrupted service was making alterations preparatory to opening his business for the season; and that he was inconvenienced and delayed

by the lack of electric current and was unable to open for business for two weeks past the time he had intended.

The theory of the plaintiff was that the action of the defendant in discontinuing service under the circumstances was a breach of a duty owing to him by the defendant, and hence the action was brought in tort. The defendant defended the action on the ground that an action in tort would not lie, and that if anything, it should have been in contract. The same contention is made here.

It is the settled rule in this state that a public utility is under a duty to furnish its service impartially to such of the public who may pay for it, under proper rules and regulations. In the case at bar the defendant utility was furnishing such service, indeed it was doing so under contract. Hence, when it discontinued service where, as here shown, payment had been made for electric current previously sold and delivered, there was a breach of contract by the defendant. Whether or not there was also a tortious act committed upon which an action for damages would lie, we do not find it necessary to decide. In any event, no New Jersey case to that effect has been brought to our attention.

We conclude that the trial court fell into error in charging the jury as to the measure of damages, which requires reversal. The instructions were that there was loss of $50 per week for two weeks as recalled by the court, and then followed this language: "The rule, of course, that you should follow in this case is that the plaintiff, if he is entitled to damages would be entitled to be paid for the loss that he has actually sustained by those damages which would result from the breach of this compactual relationship between the plaintiff and the defendant in this particular case."

We assume that the court did not use the word "compactual" as shown in the record, but rather the word "contractual." If so, he had departed from his rulings made during the trial which had been favorable to the plaintiff's theory of the action being founded in tort, and was charging the jury on the theory that it was in contract. If the latter, of course, the measure of damages would be only those in contemplation of the parties when the contract was made, and

under the testimony the amount should have been nominal, as counsel for the defendant requested the court to charge.

But even though the court did not use the word *contractual* in its charge, the verdict cannot be sustained on the evidence as to damages. There was no testimony as to loss of customers or good will nor the actual losses properly testified to as to the difference between earnings for the time the place of business necessarily remained closed and those previously earned. To have arrived at damages of $300 it would seem that the jury had included loss of business, loss of reputation, inconvenience or what not. In any event, under the testimony and a proper charge as requested, the verdict should have been but for nominal damages.

The judgment will be reversed, and a *venire de novo* awarded, costs to abide the event.