598 A.2d 916

BAY POINT YACHT HARBOUR, INC., ET ALS. BY STATUTORY RECEIVER, PATRICK R. GERBIG, PLAINTIFF–RESPONDENT, v. JERSEY CENTRAL POWER & LIGHT COMPANY, DEFEN-DANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 9, 1991—Decided October 31, 1991.

Before Judges KING, DREIER and BROCHIN.

*Vincent J. Murphy,* attorney for appellant.

*Donald C. Butch,* attorney for respondent.

The opinion of the court was delivered by

BROCHIN, J.A.D.

Pursuant to *N.J.S.A.* 14A:14–2, plaintiff Patrick R. Gerbig was appointed the statutory receiver of Bay Point Yacht Harbour, Inc., an insolvent corporation. The corporation owed Jersey Central Power and Light Company $12,538.94 for electric service furnished before his appointment. The electric company demanded payment from the receiver and threatened to terminate service unless payment was received or provision for payment was agreed upon.

The receiver requested a hearing before the Board of Public Utilities (now the Board of Regulatory Commissioners in the Department of Environmental Protection and Energy) and an order restraining the threatened termination of service pending the hearing. He also filed suit against Jersey Central Power and Light Company to prevent termination of electric service and sought an injunction from the court. The court issued an order which enjoined termination of service. No action has been taken by the Board of Public Utility Commissioners and

none is anticipated. Jersey Central Power and Light Company has appealed from the injunction.

In support of its asserted right to terminate service to the receiver, the electric company points to Section 3.08 of its tariff which authorizes it to discontinue service to customers who are sufficiently delinquent in the payment of their bills. In defense of the injunction prohibiting termination, the receiver argues that the receivership is an entity separate from Bay Point Yacht Harbour, Inc., that the receivership is entitled to electrical service like any other customer, and that the debt owed to Jersey Central Power and Light Company should receive the same treatment as that owed to any other unsecured creditor. For the following reasons, we affirm.

The receiver argues that the receivership is considered an entity separate from the debtor for some purposes. *See Shachat v. Standard Auto Supply Co.*, 106 *N.J.Eq.* 105, 110, 150 *A.* 183 (Ch.1930). *But cf. Barthen v. Lodi*, 94 *N.J.Eq.* 177, 119 *A.* 189 (E. & A.1922). But we prefer to rest our decision on a more fundamental basis. The receivership statute pursuant to which plaintiff was appointed provides that after the satisfaction of liens and payment of certain wage claims and debts due to the United States, the general creditors of the insolvent corporation "shall be paid proportionately to the amount of their respective debts...." *N.J.S.A.* 14A:14–21. Bay Point Yacht Harbour, Inc.'s debt to Jersey Central Power and Light Company is unsecured and it has no priority over claims of other general creditors. The electric company knows that its debtor is insolvent. The payment which it has demanded from the receivership would enable the utility to obtain a greater percentage of its debt than another creditor of the same class. If the payment had been made before the commencement of the action, it would have constituted an illegal preference recoverable by the receiver. *N.J.S.A.* 14A:14–14. Consequently, the receiver was correct in refusing to make the payment and in

treating the antecedent debt of Jersey Central Power and Light Company like that of every other general creditor.

Electric service is indispensable to the conduct of any business and nearly indispensable to the habitability of a dwelling. Because the electric company is a monopoly, its threat to terminate service, if unrestrained, could compel payment of antecedent debts. Such payments would result in frustrating the provision of the receivership statute for the equal treatment of unsecured general creditors. However, by requiring public utilities to provide non-discriminatory service to all customers, see N.J.S.A. 48:3–3; *Walling v. Jersey Central Power & Light Co.*, 120 *N.J.L.* 577, 579, 1 *A.*2d 29 (Sup.Ct.1938), the legislature has disabled public utilities, including electric companies, from using their monopoly status to obtain an advantage over other general creditors. The tariff provision upon which Jersey Central Power and Light relies does not require a different result.

The trial court therefore properly enjoined Jersey Central Power and Light Company from refusing service to the receiver of Bay Point Yacht Harbour, Inc. The order appealed from is affirmed.[1]

---

[1]Despite the receiver's application to the Board of Public Utility Commissioners for an order preventing the termination of service, neither party has dealt with the doctrines of primary jurisdiction and exhaustion of remedies. Nonetheless, we have considered the issues which those doctrines raise and conclude that because the issue presented for our decision is purely a question of law that is not within the special expertise of the agency, a remand to the Board is unnecessary and would be inadvisable. *See Farmingdale Realty Co. v. Bor. of Farmingdale,* 55 *N.J.* 103, 112, 259 *A.*2d 708 (1969).